**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1405-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN D. TAYLOR,
a/k/a JON D. TAYLOR,

     Defendant-Appellant.

_____

Submitted November 28, 2018 - Decided January 29, 2019

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 17-03-0054.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael T. Denny, Assistant Deputy Public Defender, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Arielle E. Katz, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant John Taylor raises two issues on appeal following his jury conviction of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b). He asserts the trial judge erred in denying his motion for a Franks[1] hearing and contends the jury instructions violated his constitutional right to a fair trial. After a review of his contentions in light of the record and applicable principles of law, we affirm.

We derive the following facts from the record, including the testimony presented at the motion hearing and elicited at defendant's trial. In May 2016, New Jersey State Police Detective Douglas Muraglia filed an affidavit for a search warrant, explaining he had received an anonymous tip from a documented New Jersey State Police Confidential Source (CS). The CS claimed a person named "JT" was distributing marijuana from a specific address. Muraglia advised the CS had provided "accurate information in the past that ha[d] led to several arrests," he had verified the CS's tip by contacting the local police department, who confirmed defendant's identity and his residence, and the CS had identified defendant's photograph.

The affidavit detailed two controlled buys between the CS and defendant organized by the local and state police. The police witnessed defendant and the

_____

[1] Franks v. Delaware, 438 U.S. 154 (1978).

A-1405-17T3

CS conduct two hand-to-hand drug transactions during the weeks of May 1 and May 8, 2016. The CS turned over the drugs, later determined to be marijuana, to the police. Based on the affidavit, a search warrant was issued on May 12, 2016.

The following morning, the New Jersey State SWAT team entered defendant's home and learned a gun was hidden underneath defendant's pillow. Defendant was restrained and read his Miranda[2] rights, before defendant confirmed he had a gun in his bedroom and divulged the location of two additional guns hidden in the garage – one on a shelf in a baseball glove and the other in a bin. After searching the residence and discovering all three guns, the detectives also found four unused twelve-gauge shotgun shells in defendant's bedroom.

Defendant was charged in an indictment with: 1) three counts of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (Counts One, Two, and Three); 2) third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(c)(1) (Count Four); 3) third degree possession with intent to distribute marijuana, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(11) (Count Five); 4) fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(3) (Count Six);

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

A-1405-17T3

and 5) second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (Count Seven).

In July 2017, defendant moved for a <u>Franks</u> hearing to challenge the veracity of Muraglia's affidavit. In arguing he had not sold drugs during the weeks in question, defendant provided his own affidavit "categorically deny[ing] [selling] anything to anyone during the first two weeks in May 2016." Because defendant's affidavit merely provided a self-serving "general denial," the judge found defendant did not meet the threshold for a <u>Franks</u> hearing and denied the motion.

After the State dismissed the charges, except Count Seven, a one-day jury trial was held on September 14, 2017. Before the trial began, the parties agreed defendant's prior convictions classified him as a "certain person," and stipulated to the specific language in the jury charge. At the conclusion of the trial, the judge gave the following instruction:

> The third element the State must prove beyond a reasonable doubt is that the defendant is a person who previously has been convicted of a crime in the third degree or a predicate offense.
>
> <u>In this matter the parties have stipulated or agreed that the defendant has previously been convicted of such a crime or predicate offense. You are instructed as follows with regard to the stipulation. That you</u>

should treat those facts as being undisputed, that is, the parties agree that the facts are true.

As with all evidence, undisputed facts can be accepted or rejected by the jury in reaching a verdict. Normally, evidence of a defendant's prior conviction is not permitted under our court rules of evidence. This is because our rules specifically exclude evidence that a defendant has committed a prior crime when it is offered only to show that he has a disposition or a tendency to do wrong and, therefore, must be guilty of the present offense. However, our rules do permit evidence of prior crimes when the evidence is used for some other purpose.

In this case the evidence has been introduced for the specific purpose of establishing an element of the present offense. You may not use it as evidence to decide that the defendant has a tendency to commit crimes or that he's a bad person. That is, you may not decide that just because the defendant has committed a prior crime he must be guilty of the present crime. The evidence produced by the State concerning a prior conviction is to be considered in determining whether the State has established its burden of proof beyond a reasonable doubt.

[(emphasis added).]

The jury convicted defendant and he was sentenced to a seven-year term of imprisonment with a mandatory five-year period of parole ineligibility.

On appeal, defendant raises the following points:

POINT I

THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION REQUESTING A <u>FRANKS</u> HEARING.

<u>POINT II</u>

THE COURT'S CHARGE ON THE CERTAIN PERSONS NOT TO HAVE ANY FIREARMS COUNT WAS INCORRECT BECAUSE IT EXPANDED THE SCOPE OF CERTAIN PERSONS OFFENSES, ALLOWING THE JURY TO CONVICT THE DEFENDANT WITHOUT PRO[O]F BEYOND A REASONABLE DOUBT AND WITHOUT UNANIMITY AMONGST THE JURORS (Not raised below).

It is well settled that there is "a presumption of validity with respect to the affidavit supporting the search warrant." <u>State v. Broom-Smith</u>, 406 N.J. Super. 228, 240 (App. Div. 2009) (quoting <u>Franks</u>, 438 U.S. at 171). "[A]n appellate court's role is not to determine anew whether there was probable cause for issuance of the warrant, but rather, whether there is evidence to support the finding made by the warrant-issuing judge." <u>State v. Chippero</u>, 201 N.J. 14, 20-21 (2009). Therefore, we "accord substantial deference to the discretionary determination resulting in the issuance of the [search] warrant." <u>State v. Sullivan</u>, 169 N.J. 204, 211 (2001) (alteration in original) (quoting <u>State v. Marshall</u>, 123 N.J. 1, 72 (1991).

"When determining whether probable cause exists, courts must consider the totality of the circumstances." State v. Jones, 179 N.J. 377, 389 (2004). Information from confidential informants may constitute grounds for probable cause if there is "a substantial basis" to credit it. Ibid. In evaluating an informant's tip, "an informant's veracity and his or her basis of knowledge . . . [are] the two most important factors." Sullivan, 169 N.J. at 212. The veracity of an informant's tip may be shown if the informant has provided reliable and dependable information in previous police investigations. State v. Keyes, 184 N.J. 541, 555 (2005).

"[I]ndependent police 'corroboration is necessary to ratify the informant's veracity and validate the truthfulness of the tip' and is considered 'an essential part of the determination of probable cause.'" Keyes, 184 N.J. at 556 (quoting Jones, 179 N.J. at 390). "[R]elevant corroborating facts may include a controlled drug buy performed on the basis of the tip" or "records confirming the informant's description of the target location" as well as "the experience of the officer who submitted the supporting affidavit." Ibid. (citing Jones, 179 N.J. at 390-91).

While a controlled buy alone, "would not conclusively establish probable cause," it is "persuasive evidence." Jones, 179 N.J. at 392. "[E]ven one

additional circumstance might suffice, in the totality of the circumstances, to demonstrate probable cause when the police successfully have performed a controlled drug buy." Ibid. In Sullivan, the Court adopted the following description of a controlled buy that may support a probable cause finding:

> (1) a police officer meets the informant at a location other than the location where [it is] suspected that criminal activity is occurring; (2) the officer searches the informant to ensure the informant has no drugs on his person and (usually) furnishes the informant with money to purchase drugs; (3) the officer escorts or follows the informant to the premises where it is alleged illegal activity is occurring and watches the informant enter and leave those premises; and (4) the informant turns over to the officer the substance the informant has purchased from the residents of the premises under surveillance.
>
> [169 N.J. at 215 (alteration in original) (quoting Commonwealth v. Desper, 419 Mass. 163, 168 (1994)).]

Here, the detective's warrant affidavit satisfied these essential components of a controlled buy. There were two controlled buys and the record reflects additional corroboration of the informant's veracity and basis of knowledge. The informant also provided accurate details about defendant and his residence, which law enforcement later confirmed when observing the controlled buys. Therefore, the issuing judge did not abuse his discretion in issuing the search warrant.

We are also unpersuaded by defendant's claim that he was entitled to a Franks hearing based on the denial posited in his affidavit. We review the court's decision regarding the need for an evidentiary hearing for an abuse of discretion. Broom-Smith, 406 N.J. Super. at 239. We discern none here.

Under Franks, a defendant is entitled to an evidentiary hearing to contest the veracity of a warrant affidavit, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." 438 U.S. at 155-56; see also State v. Howery, 80 N.J. 563, 566-68 (1979). In making a "substantial preliminary showing," a defendant "must allege 'deliberate falsehood or reckless disregard for the truth,' pointing out with specificity the portions of the warrant that are claimed to be untrue." Howery, 80 N.J. at 567 (quoting Franks, 438 U.S. at 171).

The defendant's "attack must be more than conclusory." Broom-Smith, 406 N.J. Super. at 240 (quoting Franks, 438 U.S. at 171). The defendant's "allegations must be accompanied by an offer of proof" such as "[a]ffidavits or sworn or otherwise reliable statements of witnesses." Id. at 240-41 (quoting Franks, 438 U.S. at 171). Generally, denying the State's claims is not sufficient

to reach the threshold required for a <u>Franks</u> hearing.  <u>See</u> <u>State v. Green</u>, 346 N.J. Super. 87, 91 (App. Div. 2001) (explaining the "defendant's assertion that he denies the truth of the State's allegations" did not create a material fact in dispute requiring an evidentiary hearing).  Here, because the only evidence presented to contradict Muraglia's affidavit was defendant's own self-serving affidavit, the motion judge did not abuse her discretion in denying the evidentiary hearing.

Finally, we consider, and reject, defendant's argument that the trial court's jury instruction denied him a fair trial.  "When a defendant fails to raise an issue at trial, appellate review is governed by the plain error standard."  <u>State v. Maloney</u>, 216 N.J. 91, 104 (2013).  In the context of a jury charge, plain error is "[l]egal impropriety in the charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result."  <u>State v. Camacho</u>, 218 N.J. 533, 554 (2014) (alteration in original) (quoting <u>State v. Adams</u>, 194 N.J. 186, 207 (2008)).

In reviewing any claim of error relating to a jury charge, "[t]he charge must be read as a whole in determining whether there was any error."  <u>State v. Torres</u>, 183 N.J. 554, 564 (2005).  A defense attorney's failure to object to jury

10

instructions not only "gives rise to a presumption that [s]he did not view [the charge] as prejudicial to h[er] client's case," but it is also "considered a waiver to object to the instruction on appeal." State v. McGraw, 129 N.J. 68, 80 (1992); Maloney, 216 N.J. at 104 (2013).

When a defendant stipulates to a conviction of a predicate offense, "evidence of the predicate offense is extremely limited: '[t]he most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that . . . bar a convict from possessing a gun.'" State v. Bailey, 231 N.J. 474, 488 (2018) (alterations in original) (quoting Old Chief v. U.S., 519 U.S. 172, 190-91 (1997)). When there is a stipulation, the State is not required to prove this element of the charge beyond a reasonable doubt. Bailey, 231 N.J. at 488.

By stipulating, a defendant "prevent[s] the State from presenting evidence of the name and nature of the offense." Ibid. As long as the "stipulation is a knowing and voluntary waiver of rights, placed on the record in defendant's presence, the prosecution is limited to announcing to the jury that the defendant has committed an offense that satisfies the statutory predicate-offense element." Ibid.

Here, defendant's counsel stipulated that defendant was a "certain person" and did not object during the jury instruction. The discussions between the prosecutor, defense counsel, and the court reveal strategic lawyering decisions, rather than errors made by the trial judge. When taken as a whole, the jury charge was legally accurate, indicated the stipulated material, and did not have the capacity to mislead the jury. See Torres, 183 N.J. at 564.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION