**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2839-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUIS J. ROSARIO,

     Defendant-Appellant.

_____

Submitted November 14, 2018 – Decided April 1, 2019

Before Judges Rothstadt, Gilson and Natali.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 16-04-0329.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele E. Friedman, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Lauren Bonfiglio, Deputy Attorney General, of counsel and on the briefs).

PER CURIAM

A jury convicted defendant of one count of second-degree certain persons not to have weapons (certain persons offense), N.J.S.A. 2C:39-7(b)(1), and the trial court sentenced him to five years of imprisonment with a five-year period of parole ineligibility.  Defendant's conviction arose from the police discovering a handgun in his vehicle.  Prior to his trial, the trial court denied defendant's motion to suppress without an evidentiary hearing.  After his conviction, he appealed and, while retaining jurisdiction, we remanded the matter for an evidentiary hearing "to determine whether the seizure of the handgun . . . was permissible under the Plain View Doctrine."  After our remand, the trial court conducted the hearing and concluded that the police lawfully discovered defendant's weapon in plain view.

On appeal, defendant argues that the trial court erred by denying his suppression motion, delivering a charge to the jury that contained a mischaracterization of a witness' identification testimony, and failing to properly sanitize his prior convictions when required during the trial.  For the reasons that follow, we affirm.

The facts leading to defendant's arrest and conviction as developed at his trial are summarized as follows.  During the evening of September 1, 2015, Paterson police officers were dispatched to a memorial event for a homicide

victim who was killed earlier in the day in the area where the event was occurring. As the police arrived, a crowd of participants began to quickly disperse. While observing the area, Detective Maribel Seabrooks noticed a Hispanic male, whom she later identified as defendant, exiting a parked white minivan with tinted windows, rather than leaving the scene with the crowd.

Detective Jack DeSalvo arrived at the scene as part of the investigation relating to the homicide. He began to canvass the area for weapons or drugs that a participant in the memorial may have dropped. He went over to the van that Seabrooks had been watching and looked under it and through the driver-side window, which was opened by about three to four inches, and observed a black semiautomatic nine millimeter handgun.

After discovering the weapon, DeSalvo did not enter the van, but contacted Detective Michael Cossari of the Crime Scene Unit and notified the other detectives at the scene about the gun. Cossari responded and upon his arrival, he took photographs of the van and the surrounding area before entering the vehicle to retrieve the gun. The gun was later sent to State Police Trooper Daniel Studzinski, an expert in Firearms and Firearms Operability, for ballistics testing. Trooper Studzinski concluded that the gun "was operable and capable of being discharged."

A-2839-16T4

While the police were retrieving the gun from his van, defendant was walking away from the area where it was parked. As he did so, police apprehended, arrested, and took him to police headquarters. The police also confirmed that defendant owned the van.

A grand jury returned an indictment charging defendant with one count of possession of weapon for an unlawful purpose in the second-degree, N.J.S.A. 2C:39-4(a)(1), one count of unlawful possession of a weapon in the second-degree, N.J.S.A. 2C:39-5(b), and the certain persons offense. Prior to trial, the State elected to proceed only on the certain persons offense.

Also prior to his trial, defendant filed a motion to suppress. The trial court denied the motion without an evidentiary hearing after concluding that the police were lawfully canvassing the area of the memorial event and searching vehicles "to obtain information about a homicide."

At trial, Seabrooks, DeSalvo, Cossari, and Studzinski testified for the State. Defendant did not testify or present any witnesses. The parties stipulated to various facts relating to the weapon that was recovered, the appropriate chain of custody that police followed, and the van being registered to defendant. As to defendant's underlying prior conviction that formed the basis for the certain persons offense charge, the parties stipulated to the details about and to the

admission of defendant's January 14, 2011 judgment of conviction[1] "for distribution of a controlled dangerous substance, which made it unlawful for him to purchase, own, possess, or control a firearm in the State of New Jersey." It was undisputed that the judgment of conviction for that offense indicated that defendant received a sentence of probation with a 364-day jail term.

At the end of the State's case, defendant made a motion for a judgment of acquittal, arguing that the State failed to prove that he had a knowing intent to possess the weapon. The State argued that there was constructive possession of the gun when defendant was seen exiting the vehicle that was registered to him and where the gun was visible to any occupant or outside observer. The trial court denied the motion and found that the State produced enough evidence for the jury to consider whether defendant was guilty beyond a reasonable doubt. At the conclusion of the trial, a unanimous jury found defendant guilty of the certain persons offense.

Prior to sentencing, defendant filed a "motion to set aside the verdict and enter a judgment of acquittal." The motion was supported by counsel's

---

[1] Although marked in evidence, neither party has provided us with a copy of the judgment of conviction. We understand that only the first page of the document was admitted into evidence.

certification in which defendant argued that a Brady[2] discovery violation that had been ruled upon by another judge before trial, deprived him of a fair trial. He also contended for the first time that the prosecutor's reference during summations to his underlying conviction, as stipulated to by the parties, deprived him of a fair trial, as did the jury's consideration of a copy of his judgment of conviction for the drug offense and the jury charge that referred to it was well. In addition, defendant argued for the first time that the information about the earlier conviction should have been sanitized under State v. Brown, 180 N.J. 572, 585 (2004). Finally, he argued that the State failed "to prove beyond a reasonable doubt . . . that . . . defendant had knowledge or knowingly possessed, purchased, owned, or controlled a hand gun." After considering the motion, the trial court denied defendant's motion, placing its reasons on the record, and proceeded to impose its sentence.

After our remand, the trial court conducted an evidentiary hearing on the sole issue of whether DeSalvo lawfully recovered the gun. DeSalvo testified and recounted the events leading to his discovery of the weapon in defendant's vehicle and about several photos of the vehicle and the gun. After considering the testimony and photographs, the trial court found that DeSalvo was credible

---

[2] Brady v. Maryland, 377 U.S. 83 (1963).

A-2839-16T4

and that he was lawfully in the area conducting an investigation when he saw the gun in plain view because of the way the gun was placed in the car and the facts that the window was partially open and the door was unlocked.

On appeal, defendant specifically argues the following:

POINT I

THE MOTION COURT COMMITTED REVERSIBLE ERROR WHEN DENYING THE DEFENSE'S REQUEST FOR AN EVIDENTIARY HEARING ON THE SUPPRESSION MOTION, NOTWITHSTANDING MATERIAL FACTS IN DISPUTE.

POINT II

THE COURT MISCHARACTERIZED THE TRIAL TESTIMONY DURING THE JURY INSTRUCTIONS WHEN STATING THAT OFFICER SEABROOKS TESTIFIED THAT SHE IDENTIFIED MR. ROSARIO AS THE INDIVIDUAL WHO COMMITTED THE CRIME, WHEN SHE HAD ONLY IDENTIFIED HIM AS THE PERSON WHO EXITED THE VAN. (NOT RAISED BELOW).

POINT III

PURSUANT TO STATE V. BROWN, THE TRIAL COURT HAD AN INDEPENDENT OBLIGATION TO SANITIZE MR. ROSARIO'S PREDICATE OFFENSE, WITHIN BOTH THE PRIOR JUDGMENT OF CONVICTION AND THE JURY CHARGE ITSELF. (NOT RAISED BELOW).

We are not persuaded by any of defendant's contentions.

Turning first to defendant's argument about the denial of his suppression motion, at the outset, we note that after the remand hearing conducted by the trial court, defendant did not file a supplemental brief challenging the trial court's decision. The State submitted a supplemental brief in which it argued that the trial court correctly found that DeSalvo found defendant's weapon in plain view.

Because defendant did not challenge the trial court's determination after the remand and the focus of his original argument on appeal was that the court failed to conduct that hearing, we conclude defendant's appeal from the denial of his suppression motion is now moot. See State v. Alford, 99 N.J. 199 (1984); State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016) (explaining that New Jersey courts "do not resolve issues that have become moot due to the passage of time or intervening events" (quoting City of Camden v. Whitman, 325 N.J. Super. 236, 243 (App. Div. 1999))). To the extent that defendant's challenge can be understood to relate to issues beyond the denial of an evidentiary hearing, we find it to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm the motion's denial substantially for the reasons expressed by the trial court in its July 16, 2018 oral decision, which we conclude was supported by substantial, credible evidence and was legally

correct. See State v. Watts, 223 N.J. 503, 516 (2015) (addressing our standard of review); State v. Earls, 214 N.J. 564, 592 (2013) (addressing the plain view exception to the warrant requirement); State v. Reininger, 430 N.J. Super. 517, 534 (App. Div. 2013) ("[a] simple observation into the interior of an automobile by a police officer located outside the automobile is not a 'search' within the meaning of the Fourth Amendment" (alteration in original) (quoting State v. Foley, 218 N.J. Super. 210, 215 (App. Div. 1987))).

We next address defendant's contention that the trial court erred when it "mischaracterized" Seabrooks' testimony about her observation of defendant. At trial, Seabrooks testified that she clearly saw the individual who exited the white van, who she identified as defendant in court.

The court, as part of its jury instructions regarding Seabrooks' in-court identification of defendant, described her testimony as follows:

> The State has presented the testimony of Officer Seabrooks. You will recall that this witness identified the defendant in court as the person who committed the crime. The State also presented testimony that, on a prior occasion, before this trial, this witness identified the defendant as the person who committed this offense. According to this witness, her identification of the defendant was based upon the observations and perceptions that she made of the perpetrator at the time the offense was being committed.

A-2839-16T4

The court also instructed that in order to prove defendant was guilty of the certain persons offense, the State had to prove the elements of the offense beyond a reasonable doubt. It stated:

> First, that [one of the exhibits entered into evidence during trial] is a firearm. Second, that . . . defendant knowingly purchased, owned, possessed, or controlled the firearm on September 1[], 2015[.] And third, that . . . defendant is a person who has been previously convicted of distribution of a controlled dangerous substance.

The court also advised the jury that "constructive possession" referred to:

> [P]ossession in which the possessor does not physically have the item on his person, but is aware that the item is present, and is able to, and has the intention to exercise control of it. So someone who has knowledge of the character of an item and knowingly has both the power and the intention, at a given time, to exercise control over it, either directly or to another person or persons, is then in constructive possession of that item.

Defendant, who did not object to the jury instructions at trial, now maintains that contrary to what the court stated, Seabrooks identified defendant as the individual exiting the van, but did not testify that she saw or identified defendant as committing the certain persons offense or that defendant had the gun on his person. For that reason, defendant maintains that the court's instruction was misleading. He adds that, in viewing the charge as a whole and the absence of additional testimony regarding other individuals in the van, the

10

jurors may have assumed that the "mischaracterization" of the identification stemmed from the trial court's inference that defendant possessed the gun by virtue of leaving the van.  We find no merit to this contention.

As defendant did not raise this issue before the trial court, we consider whether the trial court's instruction was erroneous and, if so, whether the error constitutes plain error.  R. 2:10-2; see also State v. Funderburg, 225 N.J. 66, 79 (2016).  As applied to jury instructions, plain error is an error that "prejudicially affect[s]" a defendant's substantial rights in a "sufficiently grievous" manner, which has the "clear capacity to bring about an unjust result."  State v. Afanador, 151 N.J. 41, 54 (1997) (quoting State v. Jordan, 147 N.J. 409, 422 (1997)); see also Funderburg, 225 N.J. at 79.  "The mere possibility of an unjust result is not enough.  To warrant reversal . . . an error at trial must be sufficient to raise 'a reasonable doubt . . . as to whether the error led the jury to a result it otherwise might not have reached.'"  Funderburg, 225 N.J. at 79 (second alteration in original) (quoting State v. Jenkins, 178 N.J. 347, 361 (2004)).

To be sure, "[a]ppropriate and proper charges are essential for a fair trial."  State v. Baum, 224 N.J. 147, 158-59 (2016) (alteration in original) (quoting State v. Reddish, 181 N.J. 553, 613 (2004)).  "The trial court must give 'a comprehensible explanation of the questions that the jury must determine,

including the law of the case applicable to the facts that the jury may find.'"  Id. at 159 (quoting State v. Green, 86 N.J. 281, 287-88 (1981)).  "Thus, the court has an 'independent duty . . . to ensure that the jurors receive accurate instructions on the law as it pertains to the facts and issues of each case, irrespective of the particular language suggested by either party.'"  Ibid. (alteration in original) (quoting Reddish, 181 N.J. at 613).  "Because proper jury instructions are essential to a fair trial, 'erroneous instructions on material points are presumed to' possess the capacity to unfairly prejudice the defendant."  Ibid. (quoting State v. Bunch, 180 N.J. 534, 541-42 (2004)); see also State v. Singleton, 211 N.J. 157, 182-83 (2012).

Model jury charges are a valuable resource and may guide a court's instructions to the jury.  See State v. Concepcion, 111 N.J. 373, 379 (1988).  "When a jury instruction follows the model jury charge, although not determinative, 'it is a persuasive argument in favor of the charge as delivered.'"  State v. Whitaker, 402 N.J. Super. 495, 513-14 (App. Div. 2008) (quoting State v. Angoy, 329 N.J. Super. 79, 84 (App. Div. 2000)).

Here, it is undisputed that the challenged charge essentially mirrored the model jury charge. See Model Jury Charges (Criminal) "Identification: In-Court and Out-of-Court Identifications" (rev. July 19, 2012).  Moreover, there was no

dispute that Seabrooks testified that it was defendant who was the person who left the van in which the weapon was found. It was never alleged that the weapon was found on defendant, only that he possessed it by having it in his vehicle, and the trial court charged the jury with the appropriate definition of possession.

Under these circumstances, we are satisfied that the trial court's jury charge, taken as a whole, did not mischaracterize Seabrooks' testimony. We therefore discern no error, let alone plain error, in the court's charge to the jury. The charge was given in accordance with the Model Jury Charge, and "'the charge as a whole [was not] misleading[ and] set[] forth accurately and fairly the controlling principles of law.'" State v. McKinney, 223 N.J. 475, 496 (2015) (quoting State v. Jackmon, 305 N.J. Super. 274, 299 (App. Div. 1997)).

Last, we consider defendant's argument that his trial was "fatally flawed" because the details of his prior felony conviction for a drug offense were not sanitized for the jury. The parties brought defendant's prior conviction for a drug offense to the attention of the jury through a stipulation that the conviction was the basis for the certain persons offense charge made against him. Based on that stipulation, without any objection, defendant's judgment of conviction for the underlying offense was admitted into evidence without redaction. During

13

summations, the prosecutor referred to the conviction without any objection by defendant. In addition, without objection, during the instructions to the jury, the trial court advised the jury of the nature of the specific charge and that "the parties have stipulated or agreed that . . . defendant has previously been convicted of distribution of a controlled dangerous substance." It did so again, without objection, when describing the elements of the certain persons offense that the State had to prove beyond a reasonable doubt.

The trial court also issued to the jury a limiting instruction as to its use of the stipulation about defendant's prior conviction. The court instructed that the evidence of defendant's prior crime

> has been introduced for the specific purpose of establishing an element of the present offense. You may not use this evidence to decide that . . . defendant has a tendency to commit crimes or that he is a bad person. That is, you may not decide that, just because . . . defendant has committed prior crimes, he must be guilty of the present crime.

The reason that defendant never objected to the use of the details of his prior conviction became apparent during oral argument on defendant's motion to set aside the verdict. At that time, defense counsel explained that the stipulation was entered into for strategic purposes so that the jury would not speculate defendant had any type of "big conviction" and, as stated in his

14

judgment of conviction, it would know he only received probation for his offense.

On appeal, relying upon the Supreme Court's opinion in <u>Brown</u>, defendant argues that not sanitizing the details of his prior offense resulted in an unfair trial. He contends that the court violated <u>Brown</u> by not instructing the jury that he was only convicted of a predicate offense and that the details of his prior offense were not redacted from the judgment of conviction. He adds that repeated references to his conviction were "entirely unnecessary" and prejudicial. For these reasons, he argues that a reversal is required. We disagree.

Because defendant's contentions are raised for the first time on appeal, "we review for plain error." <u>Funderburg</u>, 225 N.J. at 79.

> Under that standard, we disregard any alleged error "unless it is of such a nature as to have been clearly capable of producing an unjust result." The mere possibility of an unjust result is not enough. To warrant reversal by this [c]ourt, an error at trial must be sufficient to raise "a reasonable doubt . . . as to whether the error led the jury to a result it otherwise might not have reached."
>
> [<u>Ibid.</u> (second alteration in original) (citations omitted).]

Applying that standard, we find no plain error here.

15

The certain persons offense statute sets forth predicate offenses for which a defendant must have been convicted prior to being found in possession of a weapon.

> N.J.S.A. 2C:39-7(b)(1) provides that[:]
>
>> [a] person having been convicted in this State or elsewhere of the crime of aggravated assault, arson, burglary, escape, extortion, homicide, kidnapping, robbery, aggravated sexual assault, sexual assault, bias intimidation in violation of [N.J.S.A.] 2C:16-1, endangering the welfare of a child pursuant to [N.J.S.A.] 2C:24-4, stalking pursuant to [L. 1992, c. 209 (N.J.S.A. 2C:12-10)] or a crime involving domestic violence as defined in section 3 of [L. 1991, c. 261 (N.J.S.A. 2C:25-19)], . . . or a person having been convicted of a crime pursuant to the provisions of [N.J.S.A.] 2C:35-3 through [N.J.S.A.] 2C:35-6, inclusive; section 1 of [L. 1987, c. 101 (N.J.S.A. 2C:35-7)]; [N.J.S.A.] 2C:35-11; [N.J.S.A.] 2C:39-3; [N.J.S.A.] 2C:39-4; or [N.J.S.A.] 2C:39-9 who purchases, owns, possesses or controls a firearm is guilty of a crime of the second degree and upon conviction thereof, the person shall be sentenced to a term of imprisonment by the court.
>
> [State v. Bailey, 231 N.J. 474, 484 (2018) (alterations in original).]

In Brown, the Court stated that where a defendant stipulated that he was previously convicted of a predicate offense, there is no need to explain the nature of the offense to the jury, as the State is relieved of the need to offer any more proof on that subject. Brown, 180 N.J. at 585. "If the defendant does not stipulate, then the trial court should sanitize the offense or offenses and limit the evidence to the date of the judgment." Ibid.

In Bailey, the Court clarified Brown "[t]o the extent that Brown mentioned in dicta that, in cases where the defendant does not stipulate, all that is required is the date of the judgment . . . ." Bailey, 231 N.J. at 491. In that case, "defendant did not stipulate to the predicate convictions that prohibited him from possessing a firearm. The parties agreed that evidence of defendant's prior convictions would be sanitized, that is, 'redacted except for the date and the degree of the offense.'" Id. at 478-79. After considering the defendant's appeal, we affirmed his conviction, "determin[ing] that any error was invited. . . . [as we] concluded that no injustice occurred as the State was ready and able to introduce evidence of defendant's prior convictions but redacted them on defense counsel's request." Id. at 480.

In reversing our determination, the Court first reiterated the information that should go to the jury when a defendant stipulates to having been convicted of a predicate offense. It stated:

> If a defendant chooses to stipulate, evidence of the predicate offense is extremely limited: "[t]he most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that . . . bar a convict from possessing a gun[.]" [Old Chief v. U.S., 519 U.S. 172, 190-91 (1997)]. A defendant who stipulates can therefore prevent the State from presenting evidence of the name and nature of the offense. Provided that the stipulation is a knowing and voluntary waiver of rights, placed on the record in defendant's presence, the prosecution is limited to announcing to the jury that the defendant has committed an offense that satisfies the statutory predicate-offense element.
>
> [Id. at 488 (first, second, and third alterations in original) (emphasis added).]

The Court stated, however, that a defendant could request that the jury be provided with more detail. In reviewing the model jury charge that was in effect at defendant's trial here,[3] the Court noted that the instruction to the charge advised that "'[n]othing prevents a defendant, however, from choosing to inform the jury of the name of the prior crime of which he/she was convicted.'" Id. at

---

[3] The charge was later amended. See Model Jury Charges (Criminal), "Certain Persons Not To Have Any Firearms (N.J.S.A. 2C:39-7(b)(1))" (rev. Feb. 12, 2018).

487 (emphasis added) (quoting Model Jury Charges (Criminal), "Certain Persons Not To Have Any Firearms (N.J.S.A. 2C:39-7(b)(1))" 1 n.4 (rev. June 13, 2005)).

Addressing the nature of the information that a jury must consider where there is no stipulation, the Court stated the following:

> [A] certain persons conviction cannot stand without proof that a defendant has been previously convicted of an offense specifically enumerated in the certain persons statute. When a defendant refuses to stipulate to a predicate offense under the certain persons statute, the State shall produce evidence of the predicate offense: the judgment of conviction with the unredacted nature of the offense, the degree of offense, and the date of conviction.
>
> [Id. at 490-91.]

Unlike the defendants in Brown and Bailey, defendant here stipulated that he was previously convicted for distributing a controlled dangerous substance and wanted the jury to know he only received probation for that offense as compared to being guilty of a more serious crime. For that reason, the trial court instructed the jury about the nature of defendant's predicate offense and allowed the judgment of conviction to be admitted into evidence without redaction. It did so at defendant's request and without any objection, despite numerous

opportunities for defendant to raise one. Under these circumstances, we discern no error in the trial court's actions.

Even if it was error, the inclusion of the identity of the offense and sentence was the result of invited error. "Under that settled principle of law, trial errors that 'were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal.'" Id. at 490 (quoting State v. A.R., 213 N.J. 542, 561 (2013)). We rely upon the doctrine of invited error to prevent a "'disappointed litigant' [from] argu[ing] on appeal that a prior ruling was erroneous 'when that party urged the lower court to adopt the proposition now alleged to be error.'" Ibid. (quoting A.R., 213 N.J. at 561). We will not apply the doctrine where, for example as in Bailey, "the error cut mortally into defendant's due process right to have the jury decide each element beyond a reasonable doubt" through the prior conviction's redaction, eliminating any reference that it was for a predicate offense necessary to proving a certain persons offense. Ibid.

Here, it is undisputed that defendant wanted the jury to know the nature of his underlying conviction, even though all the jury needed to know was that it satisfied the element of a predicate offense for a certain persons conviction. Defense counsel explained the strategy underlying defendant's consent to the

trial court's actions was an attempt to minimize the impact of a prior conviction. Defendant's decision to allow the information to go to the jury without objection does not entitle him to now complain about the court's actions simply because the strategy was not successful. Moreover, even if the error, if any, was not invited, we conclude that based on the other evidence adduced at trial and the trial court's limiting instruction, the admission of the details about his drug offense was not clearly capable of producing an unjust result.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2839-16T4