176 A.3d 800

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. KARLTON L. BAILEY, A/K/A CARLTON L.
BAILEY, DEFENDANT-APPELLANT.

A–96 September Term 2015

077141

Argued September 12, 2017—Decided January 22, 2018

Daniel V. Gautieri, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Daniel V. Gautieri, of counsel and on the briefs).

Joie Piderit, Assistant Prosecutor, argued the cause for respondent (Andrew C. Carey, Middlesex County Prosecutor, attorney; Joie Piderit, of counsel and on the briefs).

Carol M. Henderson, Assistant Attorney General, argued the cause for amicus curiae Office of Attorney General (Christopher S. Porrino, Attorney General of New Jersey, attorney; and Carol M. Henderson, of counsel and on the brief).

JUSTICE TIMPONE delivered the opinion of the Court.

The Court considers the propriety of defendant's conviction under the Certain Persons Not to Have Weapons Statute, N.J.S.A. 2C:39-7, when the redacted evidence prevented the jury from confirming that defendant's prior conviction was indeed an enumerated offense under the statute.

The "certain persons" subject to prosecution under N.J.S.A. 2C:39–7 are those who previously have been convicted of a particular offense identified within that statute. Proof of a prior conviction for an enumerated offense is a necessary predicate to prove a certain persons charge. In the majority of cases, that evidence is proffered through stipulation. When a defendant declines to stipulate to a predicate offense, the State is put to its proofs. The trial court's role in such cases is to take steps to "sanitize" the State's evidence to avoid jury prejudice while the State attempts to prove the elements of the certain persons statute to that defendant.

Here, we deal with a trial in which the defendant, Karlton Bailey, declined to stipulate. The trial court duly sanitized the State's evidence of his previous convictions. The court did so to such an extent that the jury heard only the degree of the offense and date of the judgment but nothing else. In other words, the jury did not learn how the offense related to any of the predicates listed in the certain persons statute. The court instructed the jury in keeping with the companion model charge. The jury convicted defendant. The Appellate Division affirmed but observed the "troublesome" nature of the sanitization requirements.

The heart of the concern is that the prescribed sanitization and model jury charge infringe a defendant's constitutional right to be tried by a jury on all necessary elements of each charged offense because over-sanitization renders the proof insufficient to demonstrate that the defendant previously violated a predicate offense enumerated within the certain persons statute.

For the reasons that follow, we reverse and remand the judgment of the Appellate Division. Any future sanitized version of defendant's prior record must have sufficient proof that defendant previously has been convicted of one of the "certain persons" predicates. We hold, further, that the model jury charge on this issue must be revised.

## I.

We derive the following facts from the pre-trial motion hearings and the trial record.

On July 24, 2011, at approximately 6:00 a.m., Carlos Guerrero and Alex Mejia were walking in New Brunswick after a night of drinking. A video surveillance camera captured defendant approaching Guerrero from behind and putting his hand in Guerrero's back pocket. Guerrero's level of intoxication prevented him from reacting to the encounter and from identifying the assailant. Mejia, however, responded to the situation by running across the street to confront defendant. The conflict quickly turned violent. Upon seeing defendant draw a gun, Mejia held his hands up in the air and backed away. Defendant did not relent. Instead, he followed Mejia into the street, struck him in the face, searched his pockets, and fled the scene.

Myrna Ayala approached defendant just as he punched Mejia in the face. Defendant fled; Ayala called 911. When New Brunswick Police Officers Pedro Rodrigues and Joseph Nieves responded, they found Mejia on the curb, bleeding from the face. At the hospital, doctors treated Mejia for a nasal bone fracture, a broken nose, and a laceration. The officers uncovered surveillance footage that captured the encounters, including defendant wielding a gun. The officers tracked defendant to a house approximately two blocks from the crime scene.

On October 27, 2011, a Middlesex County Grand Jury returned an indictment ("Indictment 1650") against defendant, charging him with second-degree possession of a firearm by certain persons not to possess a firearm, N.J.S.A. 2C:39–7(b). A second indictment ("Indictment 1317"), issued on September 5, 2012, charged defendant with first-degree robbery of Carlos Guerrero, N.J.S.A. 2C:15–1; first-degree robbery of Alex Mejia, N.J.S.A. 2C:15–1; third-degree aggravated assault of Alex Mejia, N.J.S.A. 2C:12–1(b)(2); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39–5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4(a).

In February 2013, a jury found defendant guilty on all counts of Indictment 1317. A separate jury trial on the certain persons indictment immediately followed. At that trial, defendant did not

stipulate to the predicate convictions that prohibited him from possessing a firearm. The parties agreed that evidence of defendant's prior convictions would be sanitized, that is, "redacted except for the date and the degree of the offense." The trial court properly advised the jury that they "must disregard [their] prior verdict, and consider anew the evidence previously admitted on possession of a weapon."

The State produced testimony from one witness, Investigator David Carmen, who identified two separate judgments of conviction. The predicate offenses were a 1994 conviction for third-degree possession of a controlled dangerous substance (CDS) with the intent to distribute and a 2006 conviction for third-degree aggravated assault. The trial court, relying on State v. Brown, 180 N.J. 572, 585, 853 A.2d 260 (2004), and footnote five of the model jury charge for certain persons offenses, determined that the judgments of conviction needed to be redacted so as to include only the date and degree of each offense. As a result, Investigator Carmen simply noted the dates and degrees of defendant's predicate offenses. The State marked the redacted judgments of conviction for identification, but they were not admitted into evidence.

The trial court instructed the jury on the elements of the certain persons offense. The judge explained that to convict defendant, the jury must find that defendant possessed a firearm and that "defendant is the person who ... previously has been convicted of third-degree crimes." The trial court further advised the jury that it could use the evidence of defendant's prior crimes only for the limited purpose of establishing the prior-conviction element of the certain persons offense, not to decide that defendant has a propensity to commit crime. The jury convicted defendant of the certain persons charge.

The trial court sentenced defendant on Indictment 1317 to an aggregate term of incarceration of thirteen years, subject to eighty-five percent parole ineligibility in accordance with the No Early Release Act, N.J.S.A. 2C:43–7.2(a). The trial court additionally sentenced defendant on Indictment 1650 to a consecutive

seven-year term of incarceration, with a five-year period of parole ineligibility on the certain persons offense.

Defendant appealed, and the Appellate Division affirmed in an unpublished opinion. The panel found the procedure used and the trial court's charge, based upon the model jury charge, disquieting. Defendant did not stipulate to the existence of a predicate offense, and "no proof of any predicate crime was admitted before the jury." The panel questioned the continuing use of the model charge, but nonetheless determined that any error was invited. The panel concluded that no injustice occurred as the State was ready and able to introduce evidence of defendant's prior convictions but redacted them on defense counsel's request.

On August 4, 2016, we granted defendant's petition for certification. 227 N.J. 144, 149 A.3d 290 (2016). We also granted the Attorney General of New Jersey leave to appear as amicus curiae.

## II.

### A.

Defendant argues that the State failed to prove beyond a reasonable doubt that he had been previously convicted of an enumerated predicate offense under N.J.S.A. 2C:39-7(b). Defendant contends that the State's proofs showed only that he had been convicted of "third-degree offenses" but not whether those offenses were specifically enumerated in the certain persons statute. Defendant emphasizes that constitutional principles should encourage the Court to revisit the portion of Brown requiring sanitization of a non-stipulating defendant's prior conviction in a certain persons case.

In regard to his certain persons challenge, defendant contends that certain language in Brown, 180 N.J. at 585, 853 A.2d 260—"If the defendant does not stipulate, then the trial court should sanitize the offense or offenses and limit the evidence to the date of the judgment"—has effectively removed the State's burden of proving that a defendant has been convicted of an enumerated

offense under N.J.S.A. 2C:39-7(b). Defendant argues that the Brown standard, which was incorporated into the model jury charge, effectively denied him the right to a fair trial because an essential element of the offense charged was presented as concluded or settled. (citing State v. Ingenito, 87 N.J. 204, 213, 432 A.2d 912 (1981)). According to defendant, the jury here was prevented from finding that he had been convicted of a predicate offense because the sanitization of his convictions treated the element as proven. Defendant asserts that the practice presently employed is constitutionally invalid because it undermines the factfinder's responsibility at trial to find the ultimate facts beyond a reasonable doubt. (citing Cty. Court of Ulster Cty. v. Allen, 442 U.S. 140, 156, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)).

Defendant contends that the Appellate Division compounded the error in applying the invited error standard to his certain persons challenge. His premise is that he did not invite the error because the judge, aware of the sanitization requirement, was obligated to sanitize no matter the position of defense counsel on the issue. As a fallback position, defendant maintains that even if the error was invited, the invited error standard should not apply because appellate courts may consider invited errors on appeal if the error cut mortally into the defendant's substantive rights. (citing State v. Corsaro, 107 N.J. 339, 345-46, 526 A.2d 1046 (1987)).

### B.

The State argues that defendant's failure to object to the sanitization of the prior-convictions evidence effectively conceded to the jury that the prior convictions were for predicate crimes under the certain persons statute. The State concludes that any error in sanitizing the nature of defendant's prior convictions was invited by defense counsel's failure to object to the charge.

The State nevertheless recommends an adjustment to the sanitization requirement, suggesting that trial courts sanitize the judgment of conviction to shield the trier of fact from the nature of the crime but reveal the statutory citation, degree, and date of the

crime. The State maintains that any error was the result of an excess of caution to protect defendant, which led to an "over-sanitization" of defendant's prior convictions.

The State urges the Court to apply that rule prospectively. The State represents that countless certain persons convictions have been tried using the current model jury charge and that retroactive application of a new rule of law would serve no purpose other than to disrupt thousands of sound convictions.

C.

The Attorney General urges this Court to modify Brown's holding to provide that a prior conviction should not be sanitized in a certain persons prosecution unless a defendant stipulates that it is for a predicate offense. Instead, the Attorney General proposes that if a defendant chooses not to stipulate, the State is entitled to present the nature of the prior conviction to establish that the defendant was previously convicted of an enumerated predicate offense.

The Attorney General argues that its approach is in line with the United States Supreme Court's decision in Old Chief v. United States, 519 U.S. 172, 191–92, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), which held that when a defendant is charged with possession of a weapon by a felon, and he or she offers to stipulate the fact of the qualifying conviction, it is an abuse of discretion to spurn the defendant's stipulation offer and admit the full record of the judgment of conviction. The Attorney General notes that Old Chief permits the State to offer a redacted judgment of conviction when a defendant does not stipulate to the predicate offense, provided the defendant consents to the redacted conviction and agrees to a jury instruction that makes "clear that the redacted judgment was enough to satisfy the status element remaining in the case." (quoting Old Chief, 519 U.S. at 191 n.10, 117 S.Ct. 644). The Attorney General argues that it is the defendant, then, who dictates the way a prior predicate offense is proven in a certain persons trial.

Moreover, the Attorney General contends that the sanitization of defendant's prior conviction in this case did not lead to the State's failure to meet its burden of proof. The Attorney General submits that defendant implicitly acknowledged that the convictions were predicate offenses under the certain persons statute by insisting that the records be redacted and by failing to object to testimony about the convictions. In that regard, the Attorney General argues that the Appellate Division correctly applied the invited error doctrine as "any error was induced by defendant counsel and was not grounds for reversal."

### III.

#### A.

The Fifth Amendment to the United States Constitution guarantees that no one will be deprived of liberty "without due process of law." U.S. Const. amend. V. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. Those cherished, fundamental rights have been made applicable to the States through the Fourteenth Amendment. See U.S. Const. amend. XIV; State v. Koedatich, 112 N.J. 225, 267, 548 A.2d 939 (1988).

The United States Supreme Court has held that "these provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (emphasis added) (citing Sullivan v. Louisiana, 508 U.S. 275, 277–78, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)). This Court has likewise stressed that "in a criminal prosecution in which the accused has a constitutional right to a trial by jury, each element of the crime must be decided by the jury and none of those elements may be withheld from the jury and decided by the judge

as a matter of law." State v. Anderson, 127 N.J. 191, 208–09, 603 A.2d 928 (1992).

N.J.S.A. 2C:39–7(b)(1) provides that

[a] person having been convicted in this State or elsewhere of the crime of aggravated assault, arson, burglary, escape, extortion, homicide, kidnapping, robbery, aggravated sexual assault, sexual assault, bias intimidation in violation of [N.J.S.A.] 2C:16–1, endangering the welfare of a child pursuant to [N.J.S.A.] 2C:24–4, stalking pursuant to [L. 1992, c. 209 (N.J.S.A. 2C:12–10)] or a crime involving domestic violence as defined in section 3 of [L. 1991, c. 261 (N.J.S.A. 2C:25–19)], ... or a person having been convicted of a crime pursuant to the provisions of [N.J.S.A.] 2C:35–3 through [N.J.S.A.] 2C:35–6, inclusive; section 1 of [L. 1987, c. 101 (N.J.S.A. 2C:35–7)]; [N.J.S.A.] 2C:35–11; [N.J.S.A.] 2C:39–3; [N.J.S.A.] 2C:39–4; or [N.J.S.A.] 2C:39–9 who purchases, owns, possesses or controls a firearm is guilty of a crime of the second degree and upon conviction thereof, the person shall be sentenced to a term of imprisonment by the court.

Because the offense requires proof of a specific prior conviction, a certain persons charge automatically entails a risk of prejudice to a defendant in a jury trial. Our rules of evidence recognize, circumscribe, and regulate the introduction of prior-offense evidence in a jury trial to forestall the potential for juries to find guilt on the impermissible basis of perceived criminal propensity rather than on the facts of the case alone. See N.J.R.E. 403(a), 404(b), 608(b). This Court has, in several decisions, set out the procedural path that certain persons trials must follow to avoid the creation of undue prejudice in establishing the essential element of a predicate conviction.

In State v. Ragland, this Court held that when a defendant is charged with an additional crime beyond the certain persons offense, the trial must be bifurcated. 105 N.J. 189, 193, 519 A.2d 1361 (1986). A bifurcated proceeding is necessary "since proof that defendant was a convicted felon (required in the trial of the [certain persons] charge) clearly tends to prejudice the jury in considering the [additional charge]." Ibid. For efficiency, the same jury may try both charges in succession and may decide the certain persons charge based on the same evidence presented as part of the State's proofs for the unlawful possession charge. Id. at 195–96, 519 A.2d 1361. Because efficiency must be subsumed to due process, we mandated that a strong jury instruction be given

to ensure that the jury "consider anew the evidence previously admitted but to disregard completely its prior verdict." Id. at 195, 519 A.2d 1361. Critically, we explained that

the defendant is entitled to that instruction for on the "new" trial, the defendant is entitled to the presumption of innocence and, as a consequence of that, to an instruction that each and every material fact that makes up the crime, including obviously the fact of possession, must be proven by the State beyond a reasonable doubt.

[Ibid.]

The United States Supreme Court addressed the issue in Old Chief, 519 U.S. at 174, 117 S.Ct. 644. Old Chief involved a defendant charged with assault with a dangerous weapon and possession of a firearm by someone with a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1). Id. at 174–75, 117 S.Ct. 644. To prevent his prior conviction from being admitted at trial, the defendant offered "to solve the problem . . . by stipulating, agreeing and requesting the Court to instruct the jury that he has been convicted of a crime punishable by imprisonment exceeding one (1) year." Id. at 175, 117 S.Ct. 644. The trial court rejected the defendant's offer and allowed the government to admit the judgment order containing the defendant's prior conviction. Id. at 177, 117 S.Ct. 644. A jury found the defendant guilty on all counts. Ibid. The Ninth Circuit affirmed the convictions. Ibid.

The United States Supreme Court reversed, holding that the trial court should have accepted the defendant's offer to stipulate. See id. at 190–92, 117 S.Ct. 644. The Court acknowledged that "there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant . . . [that] will vary from case to case." Id. at 185, 117 S.Ct. 644. The Court noted that the defendant's offer to stipulate to the predicate offense would eliminate some of that prejudice and would "have been not merely relevant but seemingly conclusive evidence of the element." Id. at 186, 117 S.Ct. 644.

Despite the general principle that "the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away," id. at 189, 117 S.Ct. 644, the Court determined

that the State's right to present its case as it sees fit did not apply because that right has "virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him," id. at 190, 117 S.Ct. 644. The Court then held that when a defendant stipulates to a predicate conviction,

> [t]he most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions.
>
> [Id. at 190–91, 117 S.Ct. 644.]

In Brown, this Court declined to extend Ragland to cases in which the State proceeds only on a certain persons offense. 180 N.J. at 582, 853 A.2d 260. Brown involved a defendant charged with unlawful possession of a weapon and possession of a weapon by certain persons not to have a weapon. Id. at 575, 853 A.2d 260. The trial on the indictment was to be bifurcated, as required under Ragland, but the State moved to dismiss the unlawful possession charge after jury selection. Ibid. A single trial was then held on the certain persons charge and the jury entered a guilty verdict. Id. at 576, 853 A.2d 260.

On appeal, the Appellate Division reversed the conviction because "when the 'State elects ... to proceed solely on [a] possession by a convicted felon charge, the issue of 'possession' must be tried first, absent any knowledge by the trier of fact of the defendant's prior conviction.'" Ibid. (alterations in original) (quoting State v. Brown, 362 N.J. Super. 62, 64, 826 A.2d 813 (App. Div. 2003)).

■ We reversed, deciding that a bifurcated proceeding was not required, and instead held "that the elements of an offense should be tried in a unitary trial in which prejudice is minimized by appropriate curative jury instructions." Id. at 582, 853 A.2d 260. The State does not have to first prove the element of possession in one proceeding and then prove the element of the defendant's conviction of a predicate offense in a separate proceeding; it may

prove both in a single proceeding. Mindful of the prejudice that introduction of a defendant's criminal convictions may create, this Court required a strong limiting instruction and sanitization of the predicate-offense evidence. Id. at 583–84, 853 A.2d 260.

Then, in dicta, this Court added that "if [a] defendant stipulates to the offense, the jury need be instructed only that defendant was convicted of a predicate offense. If the defendant does not stipulate, then the trial court should sanitize the offense or offenses and limit the evidence to the date of the judgment." Id. at 585, 853 A.2d 260.

In the wake of Brown, the model jury charge for Certain Persons Not to Have a Weapon was modified to reflect the Court's statement about sanitization. Specifically, the model charge instructs that:

In order for you to find defendant guilty, the State must prove each of the following elements beyond a reasonable doubt:

1. Exhibit _____ is a firearm [or that there was a firearm].

2. Defendant purchased, owned, possessed, or controlled the firearm [on the date alleged in the indictment].

3. Defendant is a person who previously has been convicted of [a crime of the _____ degree] OR [a predicate offense].

[Model Jury Charges (Criminal), "Certain Persons Not to Have Any Firearms (N.J.S.A. 2C:39–7(b)(1))" 1–2 (rev. June 13, 2005).]

In explaining what crimes are set forth as predicate offenses in N.J.S.A. 2C:39–7(b), the model jury charge further explains how to sanitize the record of a defendant's predicate offense. Specifically, the charge notes:

Unless the defendant stipulates, the prior crimes should be sanitized. Thus, the trial court should refer to them as crime(s) of the appropriate degree. For example, if the offense were aggravated sexual assault, the court would indicate that defendant previously was convicted of a crime of the first degree. Nothing prevents a defendant, however, from choosing to inform the jury of the name of the prior crime of which he/she was convicted.

[Id. at 1 n.4 (citations omitted).]

The portion of the model jury charge pertaining to a defendant who does not stipulate to a predicate offense instructs that "[t]he third element the State must prove beyond a reasonable doubt is

that defendant is a person who previously has been convicted of the crime(s) of the _____ degree." Id. at 4.

B.

We now consider the adequacy of that model charge and the appropriate level of sanitization when a defendant does not stipulate to a predicate conviction.

If a defendant chooses to stipulate, evidence of the predicate offense is extremely limited: "[t]he most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that ... bar a convict from possessing a gun[.]" Old Chief, 519 U.S. at 190–91, 117 S.Ct. 644. A defendant who stipulates can therefore prevent the State from presenting evidence of the name and nature of the offense. Provided that the stipulation is a knowing and voluntary waiver of rights, placed on the record in defendant's presence, the prosecution is limited to announcing to the jury that the defendant has committed an offense that satisfies the statutory predicate-offense element.

The dicta in Brown, as incorporated into the model jury charge for certain persons offenses, essentially requires that the predicate-conviction evidence be sanitized to such degree that the evidence be no more informative than a stipulation. Such over-sanitization is problematic.

■ The over-sanitization called for in the model charge injects a constitutional defect into any trial on a certain persons offense where a defendant declines to stipulate. The elements of the certain persons offense are straightforward: conviction of a predicate offense and possession of a firearm. See N.J.S.A. 2C:39–7(b)(1). In a certain persons trial, the State must prove that the defendant was convicted of an enumerated predicate offense and later possessed a firearm. Each element must be proved beyond a reasonable doubt. By preventing the State from providing the jury with evidence that the prior conviction was for a predicate offense—as opposed to another offense that does not lead to a

weapons bar—the model charge actually prevents a jury from finding beyond a reasonable doubt a required element of the certain persons offense—a clear constitutional infirmity.

■ Returning to the circumstances before us, defendant highlights that the State's proofs at trial consisted of testimony only that defendant was convicted of third-degree offenses. Defendant adds that when the trial court instructed the jury as to the elements of the certain persons charge, the court told the jury that it had to find defendant had been convicted of a third-degree offense, not an enumerated offense in the statute. The jury thus found defendant guilty on the strength of his prior conviction of a third-degree offense.

Many third-degree offenses are not among the predicate offenses for a certain persons conviction. An essential element of the certain persons offense—prior conviction of an enumerated predicate offense—could not be and was not found by the jury beyond a reasonable doubt.

All parties involved—defendant, defense counsel, the prosecutor, and the trial court—knew that the predicate conviction on which the State sought to rely was for a crime sufficient to trigger criminal liability under the certain persons statute. The jury did not. For that reason, the jury could not have made a finding on that issue.

■ A major strand of the right to a jury trial resides in the "nondelegable and nonremovable responsibility of the jury to decide the facts." Ingenito, 87 N.J. at 211, 432 A.2d 912; see also United States v. McClain, 545 F.2d 988, 1003 (5th Cir. 1977) (quoting United States v. Casale Car Leasing, Inc., 385 F.2d 707, 712 (2d Cir. 1967) ("When the jury is not given an opportunity to decide a relevant factual question, it is not sufficient 'to urge that the record contains evidence that would support a finding of guilt even under a correct view of the law.' ")). In this case, the jury could not satisfy that obligation.

Because the State never proved an essential element of the certain persons charge to the jury, we find that defendant's conviction cannot stand.

## C.

 In so holding, we decline to apply the doctrine of invited error on which the appellate panel relied. "Under that settled principle of law, trial errors that 'were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal. . . .' " State v. A.R., 213 N.J. 542, 561, 65 A.3d 818 (2013) (quoting Corsaro, 107 N.J. at 345, 526 A.2d 1046 (alteration in original)). The invited error "doctrine acknowledges the common-sense notion that a 'disappointed litigant' cannot argue on appeal that a prior ruling was erroneous 'when that party urged the lower court to adopt the proposition now alleged to be error.' " Id. at 561, 65 A.3d 818 (quoting Corsaro, 107 N.J. at 340, 526 A.2d 1046). "The doctrine prevents litigants from 'playing fast and loose' with, or otherwise manipulating, the judicial process." State v. Jenkins, 178 N.J. 347, 359, 840 A.2d 242 (2004) (quoting State v. Gonzalez, 142 N.J. 618, 632, 667 A.2d 684 (1995)).

Here, defendant asked the trial court to comply with the model jury charge based on this Court's dicta in Brown. This is not the sort of gamesmanship-driven scenario to which the invited error doctrine is traditionally applied. We do not apply it here because the error cut mortally into defendant's due process right to have the jury decide each element beyond a reasonable doubt.

## D.

██ In sum, we hold that a certain persons conviction cannot stand without proof that a defendant has been previously convicted of an offense specifically enumerated in the certain persons statute. When a defendant refuses to stipulate to a predicate offense under the certain persons statute, the State shall produce evidence of the predicate offense: the judgment of conviction with

the unredacted nature of the offense, the degree of offense, and the date of conviction.

To the extent that <u>Brown</u> mentioned in dicta that, in cases where the defendant does not stipulate, all that is required is the date of the judgment, 180 N.J. at 585, 853 A.2d 260, we now clarify that point. We refer this case to the Committee on Model Criminal Jury Charges so that it may revise the certain persons charge accordingly.

## IV.

The judgment of the Appellate Division, affirming defendant's conviction, is reversed, and the matter is remanded to the trial court for proceedings consistent with this opinion.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ–VINA, and SOLOMON join in JUSTICE TIMPONE's opinion.