**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3529-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANGELA R. CARSON,

     Defendant-Appellant.

_____

> Submitted February 7, 2019 – Decided April 26, 2019
>
> Before Judges O'Connor and Whipple.
>
> On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 13-10-1818.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Brian P. Keenan, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Maura Kathryn Tully, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Angela R. Carson appeals from an March 3, 2017 judgment of conviction after a jury found her guilty of one count of certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1).  For the following reasons, we affirm.

On May 9, 2013, defendant and a friend went out to a bar, and the bartender observed a gun in defendant's waistband.  The bartender called 911.  An officer approached defendant outside, patted her down, and arrested her after finding the gun.

Defendant was charged with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1).  Defendant had previously been convicted of aggravated assault in 2001.  Before trial, the State dismissed the unlawful possession of a weapon count.

During jury voir dire, the trial judge reviewed the facts of the case, including defendant's prior offense, with potential jury members.  The judge asked potential jury members whether "the fact that the defendant has been arrested, indicted, and is here in court facing these charges [would] cause [them] to have any preconceived opinions regarding the defendant's guilt or innocence[.]"  The judge additionally emphasized the need for an impartial jury, stating that it was "necessary" that any juror alert him if there was a reason he

or she "would not be able to listen with an open mind to the evidence in this case or be unable to reach a fair and impartial verdict." Defendant did not object during the voir dire nor request potential jurors be asked whether they would be biased against someone with a criminal history.

A single trial was held on the certain persons offense. The parties agreed to stipulate to defendant's prior offense, and the trial judge explained to the jurors that they should not consider defendant's admission of guilt in one context to be proof defendant was guilty of the crime currently charged. The jury was also instructed the State still needed to prove both the possession and predicate offense elements beyond a reasonable doubt.

The jury returned a guilty verdict. Defendant received a five-year sentence with five years' parole ineligibility. This appeal followed.

Defendant raises the following issues on appeal:

> Point I:
> THE TRIAL JUDGE ERRED IN FAILING TO VOIR DIRE THE JURY ON THEIR ABILITY TO BE FAIR TO A DEFENDANT WITH A PRIOR CONVICTION. (NOT RAISED BELOW)
>
> Point II:
> THE TRIAL JUDGE ERRED IN FAILING TO BIFURCATE THE PRIOR CRIMINAL CONVICTION ELEMENT OF THE CERTAIN PERSONS OFFENSE AND THE REMAINDER OF THE ELEMENTS. (NOT RAISED BELOW)

Because defendant did not object to either alleged error, we review for plain error. Plain error is error "clearly capable of producing an unjust result." R. 2:10-2. "Generally, a trial court's decisions regarding voir dire are not to be disturbed on appeal, except to correct an error that undermines the selection of an impartial jury." State v. Winder, 200 N.J. 231, 252 (2009).

Defendant argues the trial court erred by not asking potential jury members during voir dire whether defendant's past crime would influence their impartiality. She also argues the trial judge should have bifurcated the trial to try the possession and predicate offense elements separately. We disagree.

"[T]rial courts must be allotted reasonable latitude when conducting voir dire, and therefore, a reviewing court's examination should focus only on determining whether 'the overall scope and quality of the voir dire was sufficiently thorough and probing to assure the selection of an impartial jury.'" Ibid. (quoting State v. Biegenwald, 106 N.J. 13, 29 (1987)). "[T]here is no particular litany required for the jury voir dire," and the court is "not obliged to ask any particular question or indulge the defendant's requests absolutely." State v. Lumumba, 253 N.J. Super. 375, 393, 394 (App. Div. 1992).

Here, the trial judge informed the jury about the facts of defendant's case. In addition, the judge asked jurors whether they held any bias preventing them

from serving impartially, and used the model jury questionnaire. In fact, one potential juror indicated that she harbored bias against those in possession of firearms, and was dismissed. In the final analysis, we are satisfied the scope of the trial judge's voir dire was thorough and probing enough to root out juror bias, and discern no plain error in the trial judge's conduct of the jury voir dire.

Additionally, the judge's use of "prior crimes" and "prior convictions" while giving the jury instructions did not bias the jury against persons with prior convictions. Read in full, the transcript states

> you may not decide that just because the defendant has committed a prior crim<u>es</u>, she must be guilty of the present crime. The evidence produced by the State concerning a prior conviction<u>s</u> is to be considered in determining whether the State has established its burden of proof beyond a reasonable doubt.

> [(Emphasis added)].

Because this appears to be a transcription error rather than a legal one, we conclude that it does not rise to the level of plain error.

We also find no error in the trial judge's use of a unitary proceeding to try defendant. In <u>State v. Brown</u>, the Supreme Court held unitary trials for defendants charged with certain person offenses were constitutional as long as the predicate offense was properly sanitized through a limiting instruction. 180 N.J. 572, 585 (2004). In <u>State v. Bailey</u>, the Supreme Court considered the point

at which the trial court's curative remedies "over-sanitize" the prior conviction such that the jury cannot find the defendant committed a predicate offense. 231 N.J. 474, 477, 489-90 (2018). Relevant here, Bailey did not overturn Brown's holding that defendants charged with a certain persons offense can be tried in a unitary proceeding. Both Brown and Bailey were sensitive to the prejudicial effect of prior conviction evidence. Bifurcating a trial is one way to deal with prejudice. See Brown, 180 N.J. at 583-84 (Albin, J., dissenting). But Brown, and by extension Bailey, have decided limiting instructions are the optimal method to mitigate any prejudice a defendant experiences.

Here, defendant's argument was addressed and resolved in Brown, and we consider the question settled. Defendant stipulated to her prior conviction, and the trial judge sanitized it with an appropriate limiting instruction. We discern no plain error in the use of a unified trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-3529-16T2