**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4780-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEFFREY W. TROXELL,

     Defendant-Appellant.

_____

Submitted March 4, 2019 – Decided July 3, 2019

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-10-1696.

Law Office of Howard S. Teitelbaum, LLC, attorney for appellant (David A. Parinello, of counsel and on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Nancy Anne Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this appeal we are asked to determine whether defendant Jeffrey W. Troxell should have been granted his motion to withdraw his guilty plea for eluding and aggravated assault against a police officer during a high-speed chase prior to sentencing because of misconduct charges – falsifying reports and assaulting an arrestee – filed against the officer for an incident not involving defendant that occurred after the defendant's offenses.

Defendant argues:

> POINT I
>
> THE TRIAL COURT IMPROPERLY APPLIED THE TAYLOR[1] AND SLATER[2] STANDARDS IN DENYING THE MOTION.
>
> POINT II
>
> THE TRIAL COURT IMPROPERLY CONSIDERED EVIDENCE IN THIS MOTION HEARING BY VIEWING A VIDEO IN CAMERA AND NOT CONDUCTING AN EVIDENTIARY HEARING.
>
> POINT III
>
> THE TRIAL COURT IMPROPERLY CONSIDERED EVIDENCE IN THIS MOTION HEARING BY USING INFORMATION ALLEGEDLY PROVIDED IN THE PRESENTENCE INVESTIGATION TO RENDER ITS DECISION.

---

[1] State v. Taylor, 80 N.J. 353, 365-66 (1979).

[2] State v. Slater, 198 N.J. 145, 157-58 (2009).

A-4780-17T3

We conclude the motion judge did not abuse his discretion in denying defendant's motion and did not commit plain error in viewing a video of defendant eluding the police and driving his car into the officer. Nor was there prejudicial error in the judge's consideration of the presentence report prior to denying the motion to withdraw the guilty plea. Accordingly, we affirm.

I

Defendant was driving his vehicle in New Brunswick when he disregarded an order by the Rutgers University Police to stop and pull over. Reaching a speed of 85 miles per hour, he drove down Route 18 in the wrong direction and onto the sidewalk bordering the highway. Like a scene out of an action movie, defendant continued his high-speed elusion through several municipalities, ending up in a Piscataway cemetery in the midst of a burial ceremony. After driving recklessly over the cemetery's grass and hitting tombstones, defendant's vehicle came to a stop. When Piscataway Police Detective Todd Ritter approached the passenger's side with his service gun pointed down and moved towards the driver's side window, defendant accelerated the vehicle, hitting and injuring Det. Ritter. Det. Ritter fired his gun to deter defendant's actions. Defendant was apprehended and placed under arrest. A limousine driver at the cemetery captured the incident on video.

A-4780-17T3

Defendant was indicted on two counts of second-degree eluding, N.J.S.A. 2C:29-2(b), first-degree attempted murder of Det. Ritter, N.J.S.A. 2C:5-1(a)(1), 2C:11-3(a)(1), second-degree aggravated assault against Det. Ritter, N.J.S.A. 2C:12-1(b)(1), and two counts of third-degree aggravated assault against Det. Ritter, N.J.S.A. 2C:12-1(b)(2), -1(b)(5)(a).

A week before trial, defendant reached a plea agreement with the State in which he pled guilty to one count of eluding and second-degree aggravated assault against Det. Ritter.

In his plea colloquy, defendant admitted to eluding the Rutgers University Police, driving in the wrong direction on Route 18 and into a Piscataway cemetery. He further admitted that after stopping his vehicle, he drove the vehicle forward when Det. Ritter tried to detain him and drove into him, causing injury. The State agreed to drop the remaining charges against defendant and to recommend that he receive an aggregate prison sentence of seven years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

About a week prior to defendant's sentencing, the State notified defense counsel that Det. Ritter was indicted for simple assault, falsification of records, and tampering with government records, for an incident that occurred almost two years after defendant's offenses. In response, defendant moved to withdraw

his guilty plea claiming that the charges against Det. Ritter showed "concerns about [his] character" and lack of veracity.

At oral argument, defense counsel acknowledged that defendant did not have a colorable claim of innocence with respect to eluding but argued he did as to the aggravated assault charge. He asserted that the video of the incident showed defendant's vehicle was at a complete stop when Det. Ritter "comes around the front [of the vehicle] and fires a shot, and the [vehicle] goes forward and clips [Det.] Ritter."

The State disagreed, explaining that there was no colorable claim of innocence. The State, which had provided a copy of the video to the judge with its opposition to the motion, took a different stance on the video, arguing it showed that "defendant accelerated [his vehicle], striking [Det.] Ritter, who fired at him."

After momentarily retreating to chambers to look "at the video again," the judge returned to the courtroom and rendered his oral decision denying the motion. The judge stated neither the video nor the motion papers established a colorable claim of innocence. In summarizing the video, the judge remarked:

> The video is pretty clear . . . and it's a very good video, though sideways, which makes it difficult to look at. [Defendant] is accelerating and driving at a

high rate of speed through the cemetery and, at some point, for whatever reason, comes to stop, okay?

But, while he stopped, the officer with the - - with the beige shirt - - who I'm going to assume is [Det.] Ritter, since I've never met him - - comes along the passenger side, has his weapon in hand, but pointed down. And, as soon as he passes almost the driver's side window, that's when the white car starts to accelerate.

And, the officer with the beige shirt tries to get in front of the vehicle to either get the vehicle to stop by him being there - - but he certainly pulls out his gun and starts shooting at the vehicle while the vehicle is already moving.

Thus, the judge rejected defendant's argument of self-defense that he drove away and hit Det. Ritter to avoid his gunshot. In turn, the judge found that Slater was not satisfied.

After the judge decided to schedule sentencing three weeks later, he commented that in denying the motion he also considered the pre-sentence report regarding defendant's statement that he was driving under the influence of OxyContin, Xanax, and marijuana when he committed the offenses, and that his behavior was due to a head injury he sustained in the past.

I

We first address defendant's argument in Point I that the trial judge misapplied Taylor and the Slater factors in denying his motion to withdraw his guilty plea. In particular, defendant argues he has a colorable claim of innocence

6

to the aggravated assault plea because Det. Ritter's statement concerning the incident should be viewed differently, given that the detective's veracity was questionable as he was charged with falsifying reports and assaulting an arrestee in a subsequent unrelated matter.

To grant a defendant's request to withdraw a defendant's guilty plea, the trial court must consider and balance the four-factor <u>Slater</u> test, which provides,

> (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.
>
> [<u>Slater</u>, 198 N.J. at 157-58.]

The standard to withdraw a guilty plea prior to sentencing is in the interest of justice. <u>State v. Howard</u>, 110 N.J. 113, 123-24 (1988) (citation omitted). "'[T]he burden rests on the defendant, in the first instance, to present some plausible basis for his request, and his good faith in asserting a defense on the merits.'" <u>Slater</u>, 198 N.J. at 156 (quoting <u>State v. Smullen</u>, 118 N.J. 408, 416 (1990)). "Generally, representations made by a defendant at plea hearings concerning the voluntariness of the decision to plead, as well as any findings made by the trial court when accepting the plea, constitute a 'formidable barrier' which defendant must overcome before he will be allowed to withdraw his plea."

State v. Simon, 161 N.J. 416, 444 (1999) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Accordingly, "courts are to exercise their discretion liberally to allow plea withdrawals[]" and "[i]n a close case, the 'scales should usually tip in favor of defendant.'" State v. Munroe, 210 N.J. 429, 441 (2012) (quoting Slater, 198 N.J. at 156); Taylor, 80 N.J. at 365. Nevertheless, the Munroe Court explained that "[l]iberality in exercising discretion does not mean an abdication of all discretion, and, accordingly, any plea-withdrawal motion requires a fact-specific analysis[.]" Id. at 441-42 (citations and internal quotation marks omitted). Thus, we will reverse the trial court's determination of whether to allow a defendant to withdraw a guilty plea "only if there was an abuse of discretion which renders the lower court's decision clearly erroneous." Simon, 161 N.J. at 444 (citing Smullen, 118 N.J. at 416).

Guided by these principles, we cannot conclude the trial judge abused his discretion in denying defendant's motion. Defendant failed to establish a colorable claim of innocence that he did not drive his vehicle into Det. Ritter in a further attempt to avoid apprehension. His counsel's reliance on the video is misplaced. As the judge detailed, the video supports the State's position that defendant drove into Det. Ritter not in self-defense, but to continue eluding law enforcement. In evaluating a claim of innocence, courts "may look to evidence

that was available to the prosecutor and to the defendant through our discovery practices at the time the defendant entered the plea of guilt." Slater, 198 N.J. at 158 (quoting Smullen, 118 N.J. at 418). As part of our review of the record on appeal, we have seen the video. Nothing in the video materially contradicts the judge's findings. See State v. S.S., 229 N.J. 360, 374-81 (2017) (clarifying the limited scope of appellate review of factual findings based on video evidence). The video does not warrant a grant of withdrawal of defendant's guilty plea. See State v. O'Donnell, 435 N.J. Super. 351, 369 (App. Div. 2014) (denying a motion to withdraw a guilty plea is "'clearly erroneous' if the evidence presented on the motion, considered in light of the controlling legal standards, warrants a grant of that relief.") (quoting State v. Mustaro, 411 N.J. Super. 91, 99 (App. Div. 2009)). From our perspective, this is not a close call.

While there is no indication in the record that withdrawal of the defendant's guilty plea would create unfair prejudice to the State or unfair advantage to defendant under Slater factor four, factors two and three do not weigh in defendant's favor. Under factor two, defendant has not shown that he has adequate reasons for withdrawal of his plea. He relied on Det. Ritter's subsequent indictment. However, he makes no showing that the charges against Det. Ritter would have been admissible to undermine the detective's credibility.

He also relied on the video, which, as noted, supports the State's position that he intentionally drove his vehicle into Det. Ritter and caused him injury. As for factor three, defendant bargained for the plea – which resulted in other charges being dismissed – fully aware of what the video revealed.

II

In Point II, defendant argues that the judge should not have viewed the video in chambers because it was: hearsay under N.J.R.E. 802, not authenticated under N.J.R.E. 901, and not relevant under N.J.R.E. 401. He also contends the judge should not have viewed the video outside the presence of counsel because it denied defendant his due process rights.

Initially, we are compelled to point out that it was not until defendant argued that the video supported his self-defense claim that the judge was prompted to leave the courtroom to view the video. Thus, if it was an error for the judge to view the video, the doctrine of invited error would bar defendant's argument. Under invited error, "trial errors that 'were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal . . . .'" State v. Bailey, 231 N.J. 474, 490 (2018) (quoting State v. A.R., 213 N.J. 542, 561 (2013)). Our Supreme Court declared, "[t]o justify reversal on the grounds of an invited error, a defendant must show that

the error was so egregious as to 'cut mortally into his substantive rights . . . .'" State v. Ramseur, 106 N.J. 123, 282 (1987) (quoting State v. Harper, 128 N.J. Super. 270, 277 (App. Div. 1974)).  Defendant did not do so.

Prior to argument, the State presented the video to the judge with its opposition to the motion to show that there was no factual basis to support defendant's request to withdraw his guilty plea.  In fact, the video confirmed the factual basis defendant provided at his plea colloquy.  Thus, we do not agree with defendant that his substantive rights were denied.

Further, at no point prior to or at the motion's argument, did defendant object to the judge viewing the video.  When there is a failure to object, the defendant must establish the conduct constitutes plain error under Rule 2:10-2. State v. Feal, 194 N.J. 293, 312 (2008).  Plain error to reverse a conviction is warranted when the error is "of such a nature as to have been clearly capable of producing an unjust result[.]"  R. 2:10-2.

For the same reasons noted above, we conclude there was no unjust result in the judge's viewing the video or viewing it in chambers.  The judge mentioned that he had viewed the video when the State submitted its opposition to the motion, and he wanted to view it again based on defendant's argument that it supported his claim that he was innocent of aggravated assault for driving into

11

Det. Ritter. Significantly, while defendant commented on how the video supported his innocence, he made no request to the judge to show the video in open court in support of his motion.

III

Finally, defendant contends that the judge should not have considered his comments in his presentence report in deciding the motion to withdraw his guilty plea. The purpose of the presentence report is for sentencing. See N.J.S.A. 2C:44-6. Thus, the judge should not have considered it when deciding the motion. Nevertheless, the error was harmless as the defendant's statement to the probation officer, who prepared the report, was no different than the factual basis that defendant provided at his plea colloquy. See R. 2:10-2 ("Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result . . . .").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-4780-17T3