**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1125-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ADRIAN MILLER, a/k/a
MICHAEL SMITH, and
ADRIAN MALIK MILLER,

     Defendant-Appellant.

_____

Submitted January 25, 2021 – Decided August 11, 2021

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 07-03-0684.

Adrian Miller, appellant pro se.

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Gochman, of counsel and on the brief).

PER CURIAM

Defendant Adrian Miller is currently serving an aggregate sentence of thirty years of incarceration, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. He appeals from the July 19, 2019 Law Division order denying his motion to correct an illegal sentence. We vacate the order and remand with instructions to enter an amended judgement of conviction, vacating defendant's conviction and sentence for second-degree certain persons not to have weapons.

I.

On March 5, 2008, a jury found defendant guilty of first-degree armed robbery, N.J.S.A. 2C:15-1 (count one); second-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a) (count two); fourth-degree aggravated assault by pointing a firearm, N.J.S.A. 2C:12-1(b)(4) (count three); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count four); and, in a separate proceeding, second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1) (count six).

We set forth the factual background for defendant's conviction in an earlier opinion:

> [W.P.] was the owner of the Super Discount Store . . .
> in Asbury Park. He was working behind the counter on
> the evening of August 15, 2006, when a man, later
> identified as defendant, walked in at approximately

6:00 p.m. Defendant picked up a hand phone and gave [W.P.] a ten dollar bill to pay for it. When [W.P.] handed defendant his change, defendant pulled a gun out of his pocket and pointed it at [W.P.], demanding money. [W.P.] handed some cash to defendant, who demanded more. Defendant then jumped onto the cashier counter and attempted to take money from the cash register. [W.P.] hit defendant's hand, causing defendant's gun to fall to the floor. A struggle between [W.P.] and defendant ensued. During this struggle, defendant grabbed [W.P.]'s neck, and [W.P.] proceeded to bite defendant's hand. Both men fell to the floor in front of the counter and the gun went off "two or three times."

[State v. Miller, No. A-0543-08, (App. Div. Jan. 14, 2010) (slip op. at 2-3.)]

The trial court granted the State's motion for a mandatory extended term, and on May 16, 2008, sentenced defendant to an aggregate sentence of thirty years of incarceration, subject to NERA, with an eighty-five percent parole disqualifier. On count six, the trial court sentenced defendant to a mandatory extended term of fifteen years incarcerated with a seven-and-a-half-year parole disqualifier, to be served concurrently to the sentence imposed on count one. Defendant appealed, and we affirmed. Id. slip op. at 14. Defendant petitioned for certification, which our Supreme Court denied. State v. Miller, 205 N.J. 79 (2011).

A-1125-19

On March 28, 2012, defendant filed a PCR petition alleging ineffective assistance of counsel. The trial court denied defendant's petition, defendant appealed, and we affirmed. State v. Miller, No. A-3048-13 (App. Div. July 8, 2015). Defendant again petitioned for certification, which our Supreme Court denied. State v. Miller, 223 N.J. 356 (2015).

On June 6, 2019, defendant filed a pro se motion to correct an illegal sentence. The motion judge treated defendant's motion as a second PCR petition and dismissed it as untimely under Rule 3:22-12(a)(2). Defendant filed a motion for reconsideration. In an August 27, 2019 letter, the motion judge's clerk advised defendant to file an independent motion to correct an illegal sentence. Defendant appealed.

On appeal, defendant raises the following arguments:

> POINT I
>
> THE LAW DIVISION ERRED IN DISPOSING OF DEFENDANT'S CORRECTION OF ILLEGAL SENTENCE MOTION AS A SUBSEQUENT PCR.
>
> POINT II
>
> THE MANDATORY EXTENDED TERM SENTENCE FOR DEFENDANT'S CERTAIN PERSONS CONVICTION IS ILLEGAL.
>
> POINT III

A-1125-19

THE SENTENCE IMPOSED BY THE JUDGE BASED ON A FINDING OF FACT BY THE TRIAL COURT FELL OUTSIDE THE RANGE OF PUNISHMENT DEFENDANT WAS SUBJECT TO BASED ON THE JURY'S VERDICT ALONE AND THEREFORE VIOLATED ALLEYNE[1] AND THE SIXTH AMENDMENT.

II.

As a preliminary matter, the State agrees the motion judge erred in treating defendant's motion to correct an illegal sentence as an untimely second PCR petition. Motions to correct an illegal sentence may be filed at any time. R. 3:21-10(b)(5); State v. Zuber, 227 N.J. 422, 437 (2017).

The State also agrees defendant's conviction and sentence for count six is illegal. On count six, the jury found defendant guilty of second-degree certain persons not to have weapons and the trial court sentenced him to a mandatory extended term of fifteen years in prison with a seven-and-a-half-year parole disqualifier; however, "a certain persons conviction cannot stand without proof that a defendant has been previously convicted of an offense specifically enumerated in [N.J.S.A. § 2C:39-7]." State v. Bailey, 231 N.J. 474, 490 (2018).

---

[1] See Alleyne v. United States, 570 U.S. 99 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

5

At trial, the State relied on defendant's prior conviction for attempted murder in Florida as the enumerated predicate offense. However, at the time of trial in 2008, attempt to commit an enumerated predicate offense was not itself an enumerated predicate offense. N.J.S.A. § 2C:39-7; see also State v. Smith, 279 N.J. Super 131, 143-44 (1995).

There is no dispute here. The State failed to meet its burden to allow the jury to convict defendant on count six; as a result, defendant's conviction on count six must be vacated. Id. at 490 (holding "[b]ecause the State never proved an essential element of the certain persons charge to the jury . . . [the] defendant's conviction cannot stand."). Because defendant's conviction on count six is illegal, the sentence imposed is illegal and must be vacated as well.

Accordingly, we vacate the July 19, 2019 order and remand with instructions for the trial court to enter an amended judgement of conviction, vacating defendant's conviction and sentence on count six. Our decision does not affect defendant's remaining convictions and sentences.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1125-19