**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2683-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY WYATT, a/k/a
ANTHONY C. WYATT,
ANTHONY C. WYATT-SCALES,
ANTHONY C. WYATT SCALES,
RYAN E. MARRLOW,
ANTHONY C. SCALES,
ANTHONY C. SCALES WYATT,
and ANTHONY C. SCALES-WYATT,

    Defendant-Appellant.

_____

Submitted October 2, 2024 – Decided October 22, 2024

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-07-1923.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Anthony Wyatt appeals from the denial of his petition for post-conviction relief (PCR) after an evidentiary hearing. Since the PCR court's decision was supported by sufficient evidence in the record and the correct application of the law, we affirm.

Because we stated the facts and procedural history in our affirmance of defendant's direct appeal, State v. Wyatt, No. A-5517-17 (App. Div. Sept. 23, 2019) (slip op.),[1] and in our consideration of defendant's appeal of the denial of PCR without an evidentiary hearing, State v. Wyatt, No. A-0427-21 (App. Div. Jan. 10, 2023) (slip op.) we do not repeat them in full here. Instead, we repeat only the facts and issues necessary to place our decision in context.

"Police were called to investigate a disturbance" and "encountered defendant." Wyatt, No. A-0427-21 (slip op. at 1). "Defendant was observed pulling a silver gun from his sweatshirt and then walking toward shrubbery,

---

[1] The New Jersey Supreme Court denied certification of the judgment in A-5517-17, State v. Wyatt, 240 N.J. 557 (2020).

where he discarded his gun."  Ibid.  The "police officers subsequently arrested defendant and recovered the gun he had thrown in the bushes."  Id. at 1-2.

"Defendant was indicted for [among other things] certain persons not permitted to have weapons, N.J.S.A. 2C:39-7(b)(1) . . . ."  Id. at 2.  "In the second part of the bifurcated [trial], defense counsel stipulated defendant had been previously convicted of third-degree possession of a controlled dangerous substance (CDS) with the intent to distribute."  Ibid.  Defendant was convicted on the certain persons not permitted to have weapons charge.

In his petition for PCR, "[d]efendant argued trial counsel was ineffective by failing to request the trial judge to sanitize the information related to his prior conviction utilized in the certain persons count."  Ibid.

We noted:

> Unless the defendant stipulates, the prior crimes should be sanitized.  Thus, the trial court should refer to them as crime(s) of the appropriate degree.  For example, if the offense were aggravated sexual assault, the court would indicate that defendant previously was convicted of a crime of the first degree.  Nothing prevents a defendant, however, from choosing to inform the jury of the name of the prior crime of which he/she was convicted.  State v. Bailey, 231 N.J. 474, 487 (2018) (quoting Model Jury Charges (Criminal), "Certain Persons Not to Have Any Firearms (N.J.S.A. 2C:39-7(b)(1)" at 1 n.4 (rev. June 13, 2005))).
>
> [Id. at 5.]

A-2683-22

During the trial, "defense counsel stipulated both that defendant had previously been convicted of a predicate crime enumerated in N.J.S.A. 2C:43-7.2(d) and agreed the jury would be told of the specific crime—third-degree possession of CDS with an intent to distribute." Id. at 8.

In our remand opinion, we stated:

> [t]rial counsel's decision to allow the jury to be told defendant was convicted of third-degree possession of CDS with an intent to distribute raise[d] a fact issue that need[ed] to be addressed at a hearing to determine whether this was trial strategy or deficient performance under prong one of Strickland/Fritz.[2]
>
> [Id. at 10.]

Further, we noted:

> when a defendant stipulates to an offense, the jury should be instructed only that the defendant was convicted of a predicate offense, and the prosecution is limited to announcing to the jury that the defendant ha[d] committed an offense that satisfie[d] the statutory predicate-offense element. Model Jury Charges (Criminal), "Certain Persons Not To Have Any Firearms (N.J.S.A. 2C:39-7(b)(1))" at 1 n.6. It is possible a defendant would want to make the jury aware of the underlying offense to minimize its impact and to prevent the jury from speculating. However, based on the record before us, it [wa]s not clear why defense counsel stipulated for the jury to be advised of

---

[2]  Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

A-2683-22

defendant's record beyond the fact he was convicted of a predicate offense.

[Id. at 10-11.]

On remand, the PCR court held an evidentiary hearing. Defendant's trial counsel and defendant testified. The PCR court found trial counsel's testimony was credible:

> because she was honest about the deficiencies in her recollection, but to the extent she could remember conversations, she remembered with enough detail to convince the court that hers were accurate recollections. In addition, [she] was calm and direct in her responses, both during direct and cross-examination. She never became defensive, did not exhibit any body language to indicate that she was nervous during questioning, and spoke clearly and with confidence. During cross-examination, there was nothing to indicate that [she] had any motive to deceive, there was no evidence of bias, and she ha[d] no interest in the outcome of the proceeding. Moreover, [her] testimony was corroborated by the transcript from the bifurcated trial.

To the contrary, the PCR court found:

> defendant's testimony to be not credible. Defendant grabbed at his wrist and began to twist his wrist in the cusp of his opposite hand while he testified. Also, the court f[ound] defendant's testimony clouded by his interest in the outcome. The court d[id] not find defendant's testimony about there being no discussions about the stipulation and no discussion about his desire to have the jury know that he is not a violent offender to be credible. When defendant testified on direct, he

5

began to list a parade of deficiencies his attorney had committed, including those not at issue in the original PCR, which indicated to the court that defendant was overstating his case.

Applying well-established caselaw, the PCR court found defendant "failed to rebut the strong presumption that trial counsel's decision to stipulate to the 2008 drug conviction fell within the wide range of reasonable professional assistance." The court credited counsel's explanation "that she stipulated to the offense, along with the type of conviction, so that the jury would know that defendant did not have a prior violent history." Moreover, the PCR court found counsel's decision "was . . . a strategic [one] to prevent inflaming the jury against defendant." The court stated "[d]efendant ha[d] failed to show that defense counsel did not thoroughly investigate the law and facts or failed to consider all possible options regarding the stipulation." Therefore, the court found "that defendant failed to prove by a preponderance of the evidence that trial counsel's performance fell below the objective standard of Strickland."

"Our standard of review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). Therefore, "we will uphold the PCR court's findings that are supported by sufficient credible evidence in the record." Ibid. We "'give deference to those findings of the trial judge which are substantially influenced

by his opportunity to hear and see the witnesses.'" Ibid. (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). Our "reading of a cold record is a pale substitute for a trial judge's assessment of the credibility of a witness he has observed firsthand." Ibid. However, "[u]nder established rules of appellate review, we are not bound by and give no deference to the legal conclusions of the PCR court." State v. Harris, 181 N.J. 391, 415 (2004) (citing Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

PCR provides a "built-in 'safeguard that ensures that a defendant [is] not unjustly convicted.'" Nash, 212 N.J. at 540 (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). A defendant petitioning for PCR must "establish his [or her] right to 'relief by a preponderance of the credible evidence.'" Id. at 541 (quoting State v. Preciose, 129 N.J. 451, 459 (1998)).

Here, defendant's PCR petition was predicated on his claim that his trial counsel was ineffective, and therefore he must satisfy the two-prong test enunciated in Strickland; see also Fritz.[3] A failure to satisfy either prong requires the denial of a PCR petition. Strickland, 466 U.S. at 700.

---

[3] "The Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the New Jersey Constitution require that a defendant received 'the effective assistance of counsel' during a criminal proceeding." State v. Porter, 216 N.J. 343, 352 (2013).

Under the first prong, defendant must establish "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Constitutions. Strickland, 466 U.S. at 687. The first prong requires a showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. "[T]he [PCR] court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690.

Under the second prong, a defendant must establish "the deficient performance prejudiced the defense." Id. at 687. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Further, because

prejudice is not presumed, <u>Fritz</u>, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding, <u>U.S. v. Cronic</u>, 466 U.S. 648, 659 n.26 (1984).

Applying these well-established principles, we are convinced defendant failed to establish by the preponderance of the evidence a right to PCR. We are satisfied the PCR judge's findings of fact were supported by substantial and credible evidence in the record. Moreover, recognizing our deference to the PCR judge's credibility determinations, we accept his finding that trial counsel's testimony was more credible than defendant's testimony. Thus, counsel's trial strategy was not ineffective assistance of counsel. In addition, since satisfied trial counsel's representation was not ineffective, defendant cannot establish prejudice under the second prong of <u>Strickland</u>. Therefore, defendant's petition for PCR was properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2683-22