SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**State v. Jason M. O'Donnell** (A-17-22) (087023)

**Argued April 24, 2023 -- Decided August 7, 2023**

**RABNER, C.J., writing for a unanimous Court.**

     In this appeal, the Court considers whether the bribery statute, N.J.S.A. 2C:27-2, applies to a candidate for political office who is not an incumbent and is ultimately not elected.

     Defendant Jason O'Donnell was a candidate for mayor of Bayonne in 2018. During the campaign, he allegedly accepted $10,000 in cash in a paper Baskin-Robbins bag from an individual. In exchange for the money, the State asserts, defendant promised to appoint the individual as tax counsel for the city. The State charged defendant under the bribery statute. Defendant did not win the election. He contends the law does not apply to him because it does not cover candidates who accept improper payments but are not elected.

     The trial court dismissed the indictment, holding that N.J.S.A. 2C:27-2(d) did not apply to defendant. The Appellate Division reversed. 471 N.J. Super. 360, 375 (App. Div. 2022). The Court granted certification limited to the scope of the bribery statute. 252 N.J. 171 (2022).

**HELD:** The bribery statute applies to any "person" who accepts an improper benefit -- incumbents, candidates who win, and candidates who lose. N.J.S.A. 2C:27-2. The statute also expressly states that it is no defense to a prosecution if a person "was not qualified to act." Ibid. So even if a candidate is unable to follow through on a corrupt promise, the language of the bribery statute makes it a crime to accept cash payments for a promise of future performance. The bribery statute's history, relevant caselaw, and commentary from the Model Penal Code, on which the statute is modeled, confirm that the law extends to candidates.

1. The Court reviews the bribery statute, N.J.S.A. 2C:27-2. The indictment here tracks the language of subsection (d), under which "[a] person is guilty of bribery if" that person (1) directly or indirectly solicited, accepted, or agreed to accept a benefit from another (2) as consideration for the performance of official duties (3) and did so purposely. The State asserts that defendant accepted an unauthorized "benefit" of

1

$10,000 as "consideration" for an official act in the future, appointing a particular person as tax counsel for the city. That allegation lines up with the text and elements of subsection (d) and does not call for an expansion of the law. (pp. 8-10)

2. Defendant's argument that the bribery statute does not explicitly apply to a candidate is unavailing. The law applies to any "person" who solicits or accepts a bribe. Also unavailing is defendant's suggestion that if the law applies to candidates, it applies only to candidates who are later elected. Under that interpretation, the offense is only complete if and when the person takes office. But the bribery statute focuses on the exchange of a benefit for a commitment to perform. That means the offense is complete when a benefit is solicited or accepted, not at a later point. Further, N.J.S.A. 2C:27-2(d) does not say the recipient must be able to perform any official duties at the time the bribe is paid; rather, it makes it a crime for "[a] person" to accept a bribe "as consideration for the performance of official duties." (emphasis added). "Consideration" includes conditional promises. As the State argues, imagine a candidate or an official who accepts a bribe in exchange for a promise to vote for a piece of legislation. If the bill is never posted for a vote, the person's conduct -- accepting a payment as consideration for the performance of official duties in the future -- is still an offense under the bribery statute. (pp. 10-13)

3. The bribery statute includes a no-defense provision: "It is no defense to prosecution . . . that a person . . . was not qualified to act in the desired way whether because he had not yet assumed office, or lacked jurisdiction, or for any other reason." N.J.S.A. 2C:27-2. If anything, that provision rebuts defendant's argument that no crime has occurred if a person "had not yet assumed office" and therefore could not perform official duties. The law states it is not a defense if "a person whom the actor sought to influence was not qualified to act in the desired way . . . for any reason." Ibid. (pp. 13-14)

4. The Court reviews the bribery statute's history and relevant caselaw, which confirm that the law extends to candidates. The current bribery statute has its roots in the common law of bribery. More than 150 years ago, State v. Ellis explained that "[t]he offence is complete when an offer of reward is made to influence the vote or action of the official. It need not be averred . . . that the official, or the body of which he was a member, had authority by law to do the thing sought to be accomplished." 33 N.J.L. 102, 105 (Sup. Ct. 1868). Decisions by the Appellate Division applying the former and current versions of the bribery statute affirmed the offense's reach. See State v. Ferro, 128 N.J. Super. 353, 357-60 (App. Div. 1974); State v. Schenkolewski, 301 N.J. Super. 115, 138-40 (App. Div. 1997). And because N.J.S.A. 2C:27-2 is modeled after the Model Penal Code, the Court reviews the relevant Code sections and commentary. They reveal that the bribery statute was meant to apply to candidates and that the no-defense provision applies to those who give as well as those who receive bribes. (pp. 14-20)

2

5.  The Court does not give weight to the model jury charges for bribery to interpret the meaning of N.J.S.A. 2C:27-2.  In general, the Court does not evaluate model jury charges other than when they are reviewed as part of an appeal.  The model charges include the no-defense provision in the charge for bribe givers but not the one for bribe recipients.  The Court asks the Committee on Model Jury Charges to revise the model charge to conform to this opinion.  (pp. 20-21)

6.  Courts do not rely on unsuccessful attempts to amend a statute in order to interpret it.  Defendant focuses on legislative activity following United States v. Manzo, in which the United States District Court found the statute did not extend to candidates for office who are not elected.  851 F. Supp. 2d 797, 811 (D.N.J. 2012).  Afterward, legislators introduced various bills that would have added the phrases "a candidate for public office" and "any person elected but who has not yet assumed office" to the definition of "public servant."  The current law was enacted in 1978 and amended in 1979.  Recent, unsuccessful efforts to amend the bribery statute cannot reveal what the Legislature intended when it passed the law.  (pp. 21-23)

7.  The Court explains the rule of lenity, which does not apply here because the bribery statute is unambiguous.  (pp. 23-24)

8.  Turning to defendant's constitutional arguments, due process is satisfied when ordinary people can understand what conduct is prohibited, and when the offense is defined in a manner that does not encourage arbitrary and discriminatory enforcement.  The bribery statute provides sufficient notice that no person -- candidate or incumbent -- may accept unauthorized benefits "as consideration for the performance of official duties."  See N.J.S.A. 2C:27-2(d).  The law plainly states it is no defense that someone in defendant's position was not yet qualified to act.  N.J.S.A. 2C:27-2.  And ordinary people can understand that New Jersey's bribery statute does not allow them to accept a bag of cash in exchange for promising a future appointment to a city post.  Although court rulings, like legislative enactments, can violate the ban on ex post facto laws when a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, the construction of the bribery statute outlined in the Court's opinion is not unexpected or indefensible.  Rather, it flows from the plain language of the statute and is consistent with prior decisions by the Appellate Division and commentary to the Model Penal Code.  (pp. 24-28)

   **AFFIRMED and REMANDED to the trial court.**

**JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, and FASCIALE and JUDGE SABATINO (temporarily assigned) join in CHIEF JUSTICE RABNER's opinion.**

3

SUPREME COURT OF NEW JERSEY

A-17 September Term 2022

087023

State of New Jersey,

Plaintiff-Respondent,

v.

Jason M. O'Donnell,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
471 N.J. Super. 360 (App. Div. 2022).

| Argued | Decided |
| --- | --- |
| April 24, 2023 | August 7, 2023 |

Leo J. Hurley, Jr., argued the cause for appellant
(Connell Foley, attorneys; Leo J. Hurley, Jr., of counsel
and on the briefs, and Alexa C. Salcito and Brian K.
Dempster, on the briefs).

Angela Cai, Deputy Solicitor General, argued the cause
for respondent (Matthew J. Platkin, Attorney General,
attorney; Angela M. Cai, Jeremy M. Feigenbaum,
Solicitor General, and Jennifer E. Kmieciak, Deputy
Attorney General, of counsel and on the briefs).

Lawrence S. Lustberg argued the cause for amicus curiae
Association of Criminal Defense Lawyers of New Jersey
(Gibbons, attorneys; Lawrence S. Lustberg and William
C. Martinez, on the brief).

Defendant Jason O'Donnell was a candidate for mayor of Bayonne in 2018. During the campaign, he allegedly accepted $10,000 in cash in a paper bag from an individual. In exchange for the money, the State asserts, defendant promised to appoint the individual as tax counsel for the city.

The State charged defendant under the bribery statute. The relevant part of the law states it is a crime for any "person" to accept "[a]ny benefit as consideration for the performance of official duties." N.J.S.A. 2C:27-2(d).

Defendant did not win the election. He contends the law does not apply to him because it does not cover candidates who accept improper payments but are not elected. The plain words of the bribery statute, however, do not support that position.

The relevant language is not limited to public servants, party officials, or successful candidates, as defendant suggests. The law applies to any "person" who accepts an improper benefit -- incumbents, candidates who win, and candidates who lose. N.J.S.A. 2C:27-2. The statute also expressly states that it is no defense to a prosecution if a person "was not qualified to act." Ibid. So even if a candidate is unable to follow through on a corrupt promise, the language of the bribery statute makes it a crime to accept cash payments for a

2

promise of future performance. Beyond the terms of the statute, commentary from the Model Penal Code, on which the law is modeled, supports that interpretation.

The trial court granted defendant's motion to dismiss the indictment, and the Appellate Division properly reinstated the charge of bribery. We affirm the judgment of the Appellate Division and remand the case for trial.

I.

A.

We draw the facts from the State's grand jury presentation. We make no findings about the allegations.

In February 2018, an individual who cooperated with law enforcement met with defendant Jason O'Donnell.[1] At the time, defendant was a candidate for mayor of Bayonne. At the end of the evening, defendant asked for $10,000. Defendant said that he needed street money and that the individual would "be his tax guy." Candidates for office ordinarily use "street money" for get-out-the-vote efforts and related activities. See N.J.A.C. 19:25-12.6(a).

During the investigation that followed, the cooperator met with defendant, spoke with him on the phone, and recorded their conversations.

---

[1] It is not clear from the record when the individual began to cooperate.

3

The two met again on April 23, 2018 at defendant's campaign headquarters. During the recorded meeting, the cooperator said, "street. When do you need that, next week?" Defendant responded, "the weekend before [the race] is good." Defendant added, "Well it's gonna be easy because you'll be the tax attorney."

On May 3, 2018, investigators gave the cooperator $10,000 in cash to give to defendant. The money was inside a white Baskin-Robbins bag with pink lettering. During a recorded conversation at campaign headquarters later in the day, the cooperator said, "I just want to be your tax guy." Defendant responded, "Yeah done. That's, that's easy but I need." A video of the meeting depicts defendant holding the Baskin-Robbins bag.

Defendant lost the election. A grand jury later charged him with bribery, in violation of N.J.S.A. 2C:27-2, in a one-count indictment. The indictment alleges, in part, that defendant "knowingly did directly or indirectly solicit, accept, or agree to accept from another a benefit that is, funds in excess of $200, as consideration for the performance of official duties or the violation of official duties." The language tracks subsection (d) of the bribery statute.

B.

Defendant moved to dismiss the indictment prior to trial. The trial court granted the motion. In a written opinion, the court held that N.J.S.A. 2C:27-

4

2(d) did not apply to defendant because "he was merely a candidate for public office with no real, actual, or apparent authority to perform any 'official duties' at the" "moment of [the] exchange."

The court relied in part on a federal ruling that interpreted the statute in the same way, United States v. Manzo, 851 F. Supp. 2d 797 (D.N.J. 2012). In Manzo, a thoughtful federal judge predicted how this Court would interpret New Jersey's bribery statute and reached a different conclusion than we have. The Federal District Court found the statute did not extend to candidates for office who are not elected. Id. at 811.

The Appellate Division reversed the state trial court's judgment. The appellate court held that the plain language of the bribery statute "reveals an intent to render unlawful what defendant is alleged to have done and that the statute imposes criminal liability on . . . unsuccessful candidates for public office" who accept bribes. State v. O'Donnell, 471 N.J. Super. 360, 363 (App. Div. 2022). The court explained that the statute's broad text is not limited to "the acceptance of bribes only by public officials and public servants." Id. at 363, 367. The court also observed that "[t]here is nothing in the statute to suggest the State is required to prove a bribe receiver's present ability to perform." Id. at 368-69.

The Appellate Division reviewed the statute's common law roots, recent precedent, and commentary in the Model Penal Code, and found that those sources supported a broad reading of the bribery statute. Id. at 365-73. The court also explained its disagreement with Manzo's reasoning, id. at 371-74, and concluded that the rule of lenity did not apply because the bribery statute is not ambiguous, id. at 374-75.

C.

We granted defendant's petition for certification limited to questions related to the scope of the bribery statute -- namely, whether it "applies to a candidate for political office who is not an incumbent and is ultimately not elected." 252 N.J. 171 (2022). We also granted the Association of Criminal Defense Lawyers of New Jersey (ACDL) leave to appear as amicus.

II.

Defendant argues the language of the bribery statute is unambiguous and does not explicitly apply to a candidate running for political office who is not an incumbent and is not elected. He contends that the law's "no-defense" provision, which we discuss later, does not apply to him. Alternatively, he presents two arguments in the event the statute is found to be ambiguous: (1) the legislative history and proposed amendments to the law confirm that the Legislature excluded candidates for office from the statute's reach; and (2) the

rule of lenity should apply. Defendant also argues that the Appellate Division's "expansion of the scope and reach of" the statute violates his due process rights and operates as an ex post facto law.

The ACDL supports defendant's position and argues that the bribery statute, if applied to unelected political candidates, violates the Due Process Clause's prohibition against vague criminal laws.

The Attorney General argues that the text of the bribery statute plainly proscribes defendant's alleged conduct. Pointing to the language of the statute, the Attorney General argues that "any individual who accepts bribes in consideration for performing official duties if elected to office violates" the bribery law. Defendant's sole defense that he was not qualified to act, according to the Attorney General, is "no defense" under the text of the law. The Attorney General also contends that extrinsic evidence and precedent confirm the above reading of the statute; that neither the rule of lenity nor "alleged legislative inaction" supports a contrary result; and that defendant's constitutional arguments lack merit.

### III.

This is a case of statutory interpretation, for which our review is de novo. <u>Malanga v. Township of West Orange</u>, 253 N.J. 291, 311 (2023).

To interpret the meaning of a statute, courts attempt "to determine and give effect to the Legislature's intent." State v. A.M., 252 N.J. 432, 450 (2023) (quoting State v. Lopez-Carrera, 245 N.J. 596, 612 (2021)). The plain language of a statute "is typically the best indicator of intent." Ibid. (quoting State v. McCray, 243 N.J. 196, 208 (2020)).

When a criminal statute "is modeled after the" Model Penal Code, courts may consider the Code and its "commentary to interpret the intent of the statutory language." State v. Robinson, 217 N.J. 594, 606 (2014). Commentary from the New Jersey Criminal Law Revision Commission can similarly provide guidance. See id. at 606 n.4.

A.

We begin with the text of the bribery statute:

> A person is guilty of bribery if he directly or indirectly offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another:
>
> a. Any benefit as consideration for a decision, opinion, recommendation, vote or exercise of discretion of a public servant, party official or voter on any public issue or in any public election; or
>
> b. Any benefit as consideration for a decision, vote, recommendation or exercise of official discretion in a judicial or administrative proceeding; or
>
> c. Any benefit as consideration for a violation of an official duty of a public servant or party official; or

8

d. Any benefit as consideration for the performance of official duties.

For the purposes of this section "benefit as consideration" shall be deemed to mean any benefit not authorized by law.

[N.J.S.A. 2C:27-2.]

The law also includes a "no-defense" provision that states, "[i]t is no defense to prosecution under this section that a person whom the actor sought to influence was not qualified to act in the desired way whether because he had not yet assumed office, or lacked jurisdiction, or for any other reason." Ibid.

The indictment in this case tracks the language of subsection (d). The relevant elements for the offense charged are as follows: (1) that a person directly or indirectly solicited, accepted, or agreed to accept a benefit from another; (2) that the person did so as consideration for the performance of official duties; and (3) that the person acted purposely. See ibid.; State v. Schenkolewski, 301 N.J. Super. 115, 139-40 (App. Div. 1997) (requiring "subjective intent on the part of the actor").

In this case, the State asserts that defendant accepted an unauthorized "benefit" of $10,000 as "consideration" for an official act in the future,

appointing a particular person as tax counsel for the city.[2] That allegation lines up with the text and elements of subsection (d) of the bribery statute. The accusation does not call for an expansion of the law, as defendant suggests.

Defendant advances two principal arguments that we address in turn. First, he contends the law does not apply to him because it does not explicitly apply to a candidate running for office who is not an incumbent and does not ultimately win. Defendant similarly argues that the State has not alleged he was either a public servant, a party official, or a person with "official duties" or authority. Subsection (d), however, does not say that a person who solicits or accepts a bribe must be any of those things. See O'Donnell, 471 N.J. Super. at 367. The law instead applies to any "person" who solicits or accepts a bribe. Had the Legislature intended to exclude candidates from the statute's reach, it would have said so. See ibid.; State v. Ferro, 128 N.J. Super. 353, 359 (App. Div. 1974).

Other parts of the statute use the terms "public servant" and "party official," but subsection (d) does not. See N.J.S.A. 2C:27-2(a), (c). We do not opine on the scope of those subsections. Nor do we rely on the statute's

---

[2] The State advises that it intends to re-present the matter to the grand jury to allege defendant's conduct was "purposeful," rather than "knowing."

10

definitional section, N.J.S.A. 2C:27-1. Although we look to other parts of a statute for relevant context, State v. Twiggs, 233 N.J. 513, 533 (2018), the fact that the term "candidate" is not listed or defined in the general definitional section for chapter 27 of the criminal code does not determine the scope of subsection (d). Cf. Allen v. V & A Bros., Inc., 208 N.J. 114, 130-31 (2011) (noting, in construing the Consumer Fraud Act, that the operative section of a statute, not its definitional section, creates the basis for liability).

At the same time that defendant emphasizes the statute does not explicitly contain the word "candidate," he suggests the law applies to payments to candidates who are later elected. The operative language in the bribery statute, however, focuses on the exchange of a benefit for a commitment to perform. That means the offense is complete when a benefit is solicited or accepted, not at a later point. Under defendant's interpretation of the law, the offense is only complete if and when the person takes office. Despite language in the statute to the contrary, defendant maintains no offense is committed in this situation at the time a bribe is paid.

Second, defendant claims that he cannot have committed bribery because he could not deliver on any bribe as an unelected candidate. But subsection (d) does not say the recipient must be able to perform any official duties at the time the bribe is paid. See O'Donnell, 471 N.J. Super. at 368-69. The

11

subsection's expansive language instead makes it a crime for "[a] person" to accept a bribe "<u>as consideration</u> for the performance of official duties." N.J.S.A. 2C:27-2(d) (emphasis added).

"Consideration" encompasses "mutual promises to do some future act." <u>Friedman v. Tappan Dev. Corp.</u>, 22 N.J. 523, 533 (1956) (quoting <u>Rich v. Doneghey</u>, 177 P. 86, 90 (Okla. 1918)). The term also includes conditional promises. <u>See</u> 3 <u>Williston on Contracts</u> § 7:18 (4th ed. 2023). "[A]n offer to insure property in exchange for a premium," for example, "constitutes a promise to pay insurance money in case the property insured is damaged or destroyed." <u>Ibid.</u> The "conditional promise may be consideration." <u>Ibid.</u>

More specifically, for purposes of this appeal, the text of the bribery statute does not require a bribe recipient to be able to act on a promise. As the State argues, imagine a candidate or an official who accepts a bribe in exchange for a promise to vote for a piece of legislation. If the bill is never posted for a vote, the person's conduct -- accepting a payment as consideration for the performance of official duties in the future -- is still an offense under the bribery statute.

Suppose someone else makes bribe payments to two opposing candidates, neither of whom is an incumbent. Under defendant's approach, only the person who wins is culpable, even though both candidates engaged in

12

the exact same conduct with the same corrupt intent. That outcome is not supported by the text of the statute.

The statute's no-defense provision does not lend support to defendant's position either. If anything, it rebuts the notion that no crime has occurred if a person "had not yet assumed office" and therefore could not perform official duties. To the contrary, the law states it is <u>not</u> a defense if "a person whom the actor sought to influence was not qualified to act in the desired way." N.J.S.A. 2C:27-2.

Notably, that language is not limited to individuals who have "not yet assumed office." It expressly applies to people who are not qualified to act "for <u>any</u> . . . reason," including, as the statute says, because they lacked jurisdiction or did not yet hold office. <u>Ibid.</u> (emphasis added). Losing an election would be another such reason. <u>See</u> <u>O'Donnell</u>, 471 N.J. Super. at 373.

Regardless of the reason, the provision makes plain that a person's inability to act and fulfill a promise is not a defense. In other words, if bribe recipients cannot deliver on a promise, the no-defense provision does not let them off the hook. As the Appellate Division observed, "it behooves neither party to the corrupt bargain that the person to be influenced 'was not qualified to act.'" <u>Id.</u> at 365.

13

Defendant also contends that the no-defense provision applies only to the individual who offers or pays a bribe. The text, however, does not say that. And commentary in the Model Penal Code, which we discuss later, supports the opposite conclusion.

For all of those reasons, we conclude that the plain language of the bribery statute encompasses candidates for office as well as elected officials.

B.

The bribery statute's history, relevant caselaw, and commentary confirm that the law extends to candidates.

1.

The current bribery statute has its roots in the common law of bribery. More than 150 years ago, the State Supreme Court under the 1844 Constitution outlined the broad reach of the common law offense. In State v. Ellis, the court addressed an offer of $50 to a member of the common council of Jersey City to approve an application to "lay a railroad track along one of the public streets." 33 N.J.L. 102, 103 (Sup. Ct. 1868). The court denied the defendant's motion to quash the indictment. Id. at 107.

The court acknowledged older authority that the common law offense could "only be predicated [on] a reward given to a judge or [an]other official concerned in the administration of justice." Id. at 103. The court instead

14

adopted a "broader doctrine" that an "offer of anything of value in corrupt payment or reward for any official act, legislative, executive, or judicial," is an offense at common law. Id. at 103-04, 106-07.

The court rejected the argument that, if the recipient of a bribe lacks jurisdiction to act, no offense has occurred. Id. at 105. As the court explained, "[t]he offence is complete when an offer of reward is made to influence the vote or action of the official. It need not be averred . . . that the official, or the body of which he was a member, had authority by law to do the thing sought to be accomplished." Ibid.

Ellis also pointed to the reciprocal nature of common law bribery. The court observed that if "it was no crime for the defendant to offer, it would have been no crime for the councilman to accept the bribe." Id. at 104. The Final Report of the New Jersey Criminal Law Revision Commission reinforced that notion: "The offense is reciprocal: whenever it is a crime to receive a bribe it is a crime to tender one." 2 N.J. Penal Code: Final Report, § 2C:27-2 at 263 (Crim. L. Revision Comm'n 1971) (citation omitted).

The Appellate Division affirmed the broad reach of the bribery law in Ferro, 128 N.J. Super. at 359-60. In that case, the court interpreted N.J.S.A. 2A:93-6, the predecessor of today's statute. The prior version of the law, like the current statute, applied to "[a]ny person" who gave or received a bribe.

15

See id. at 357 (quoting N.J.S.A. 2A:93-6). The court found that "any person" could not be interpreted "to mean any governmental official," which would require adding limiting language to the statute. Id. at 358. Under the statute, instead, "the bribe must be directed towards official action." Ibid. As the court explained, "the recipient of the bribe[] must only have or create an understanding with the briber that he can influence matters in connection with an official duty." Ibid. Whether the recipient "is capable of actually effecting such an act is irrelevant." Ibid. The court therefore held it was "not necessary to a conviction" under the prior statute "that the person charged with giving or receiving the payment be a public official." Id. at 362.

The Appellate Division reached the same conclusion in a case that interpreted the current statute. In Schenkolewski, the court held that "neither the offeror nor the recipient of [a] bribe need be a public official to prove bribery" under N.J.S.A. 2C:27-2. 301 N.J. Super. at 138.

The case involved a payment "to secure the necessary government approval for" a development project. Id. at 121, 126-27. The project depended on the transfer of a parcel of land, which only the township committee could approve. Id. at 123. A proponent of the project "paid $500,000 to a private religious school of which the [defendant] was the principal in exchange for the promise that the [defendant] would use his

influence to have [the] town council approve the sale of land for the project." Id. at 121. Although the defendant was active in other aspects of local government as chair of the zoning board and as a liaison to the mayor, he was not on the township committee. Id. at 122.

The Appellate Division concluded there was ample evidence to support an indictment for bribery. Id. at 122, 150. The court explained that, under N.J.S.A. 2C:27-2, "it is sufficient if the recipient created the understanding with the briber that he could influence matters in connection with an official duty, whether or not he was capable of actually effecting such an act." Id. at 138-39.

2.

Because N.J.S.A. 2C:27-2 is modeled after the Model Penal Code (MPC or Code), courts can also look to the Code and its commentary to interpret the meaning of the statute. Robinson, 217 N.J. at 606; see also Cannel, N.J. Crim. Code Annotated, cmt. 1 on N.J.S.A. 2C:27-2 (2023) (noting that New Jersey's bribery statute is "based on MPC 240.1" with some modifications, including the addition of subsection (d)).

The Code's model offense for bribery can be found at section 240.1. The Commentary for that section expressly states the model offense extends to candidates. Comment 5(b) preliminarily notes that the "Code contains no

17

special provision relating to campaign contributions."[3] MPC & Commentaries § 240.1 cmt. 5(b) at 27 (Am. L. Inst. 1980). In that context, the Commentary explains, "a person may be convicted of bribery for offering a campaign contribution, and <u>a candidate may be guilty of bribery for receiving such a contribution</u>, if the other requirements of the offense are met." <u>Ibid.</u> (emphasis added). The Commentary draws no distinction between incumbents and candidates, or between candidates who win and lose.

The phrase "other requirements" refers to the law's other elements. <u>See ibid.</u> With that in mind, the Commentary adds, "there seems to be no better way to put the question than to ask whether the payment was offered or received 'as <u>consideration</u> for' official action to be taken <u>by the candidate after election</u>." <u>Ibid.</u> (emphases added). In short, the Model Penal Code reveals that the bribery statute was meant to apply to candidates.

Defendant also contends that the no-defense provision in the statute applies only to bribe givers, not recipients. If that were the case, a person who received a bribe but was not qualified to act could arguably have a defense to a charge of bribery. As discussed earlier, defendant's position is not consistent

---

[3] Defendant does not argue that the conduct alleged here implicates campaign finance laws. The relationship between such laws and the bribery statute is not before the Court in this appeal.

with the language of the provision.  In addition, the Model Penal Code makes clear the provision applies to those who give as well as those who receive bribes.

The no-defense provision in the Code and the state's bribery statute are identical.  We repeat it now for convenience:  "It is no defense to prosecution under this section that a person whom the actor sought to influence was not qualified to act in the desired way whether because he had not yet assumed office, or lacked jurisdiction, or for any other reason."  MPC § 240.1 at 4; N.J.S.A. 2C:27-2.  As the Commentary explains,

> [t]he language of the preclusion may seem to be worded so that literally it would apply only where the defendant was the person who sought to influence the official conduct of another.  It is intended, however, to apply with equal force where the defendant is a public official who solicits or accepts a bribe.[4]
>
> [MPC § 240.1 cmt. 9 at 37 (emphasis added).]

The drafting history of the no-defense clause offers additional support for the same conclusion.  An earlier draft of the Code had separate subsections for giving and taking bribes, and the no-defense provision applied only to the former.  MPC § 208.10 at 102 (Tentative Draft No. 8, 1958); MPC § 240.1 at

---

[4] Manzo acknowledged the quoted language in the Model Penal Code but nonetheless concluded that the no-defense provision applies only to bribe givers.  851 F. Supp. 2d at 812, 818 n.9, 824.

196 (Proposed Official Draft, 1962). The final version merged the sections for giving and taking bribes, which the no-defense provision follows.

As a result, to the extent the no-defense provision plays a role in this appeal, it does not help defendant.

3.

Unlike the Federal District Court in <u>Manzo</u>, we do not give weight to the model jury charges for bribery to interpret the meaning of N.J.S.A. 2C:27-2. <u>See</u> <u>Manzo</u>, 851 F. Supp. 2d at 824.

The model charges include the no-defense provision in the charge for bribe givers but not the one for bribe recipients. <u>Model Jury Charges (Criminal)</u>, "Bribery in Official and Political Matters (Bribe Giver) (N.J.S.A. 2C:27-2)," at 2 (rev. Feb. 14, 2011); <u>Model Jury Charges (Criminal)</u>, "Bribery in Official and Political Matters (Bribe Recipient) (N.J.S.A. 2C:27-2)," at 2 (rev. Feb. 14, 2011).

Model jury charges are crafted by a committee of skilled lawyers and judges who volunteer their time. Trial judges are strongly encouraged to follow the charges when they instruct a jury. <u>State v. R.B.</u>, 183 N.J. 308, 325 (2005). But the model charges are not binding statements of law. In general, because of practical limitations, this Court does not evaluate model jury charges other than when they are reviewed as part of an appeal. <u>See, e.g.,</u>

20

State v. Bailey, 231 N.J. 474, 488-89, 491 (2018) (directing the Committee on Model Jury Charges to correct an instruction); State v. Smith, 197 N.J. 325, 338-39 (2009) (same). We respectfully ask the Committee to revise the model charge to conform to this opinion.

C.

Defendant also contends that efforts to amend the bribery statute during the past decade inform the meaning of the original law. As a general rule, however, courts do not rely on unsuccessful attempts to amend a statute in order to interpret it. The reason is simple: "A bill can be proposed for any number of reasons, and it can be rejected for just as many others." Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs, 531 U.S. 159, 170 (2001).

"Legislative inaction is 'a weak reed upon which to lean'" to determine the meaning of a law enacted years before. Investors Bank v. Torres, 243 N.J. 25, 46 (2020) (quoting Amerada Hess Corp. v. Dir., Div. of Tax'n, 107 N.J. 307, 322 (1987), quoting, in turn, 2A Sutherland Statutory Construction § 49.10 (4th ed. 1984)). The same is true for pending legislation that may never be adopted. State v. Gomes, 253 N.J. 6, 33 (2023) (citing Johnson v. Roselle EZ Quick, LLC, 226 N.J. 370, 389 (2016)).

21

Defendant focuses on legislative activity following the United States District Court's opinion in Manzo. In that 2012 decision, the court found the statute did not extend to candidates for office who are not elected. 851 F. Supp. 2d at 811.

Afterward, legislators introduced various bills that would have expanded the definition of "public servant." See A. 2747 (2012); A. 1223 (2014); A. 1292 (2016); A. 3799 (2018); A. 439 (2020). The proposed amendments added the phrases "a candidate for public office" and "any person elected but who has not yet assumed office" to that definition. Ibid. More recently, the Legislature enacted a bill to achieve the same result, which the Governor conditionally vetoed. See A. 2472 (2022). In a written statement, the Governor agreed with the Appellate Division's ruling in this matter but recommended additional language "to strengthen the bribery law [and] even more definitively foreclose the possibility of an incorrect interpretation." Governor's Conditional Veto Statement to A. 2472 2 (May 9, 2022).

The current law was enacted in 1978 and amended in 1979. L. 1978, c. 95; L. 1979, c. 178, § 48; see also Cannel, cmt. 1 on N.J.S.A. 2C:27-2. It is not possible to determine the Legislature's intent at that time from efforts taken decades later. Some current officials, like the Governor, may have been convinced that the current law covers candidates; others may have thought it

22

does not; and yet others might not have been able to agree on what, if any, changes were needed.

Since the Governor's conditional veto, the Legislature has not passed a new bill. See United States v. Streidel, 620 A.2d 905, 914 n.12 (Md. 1993) (noting the Legislature "might well wait for an authoritative interpretation [by the State's highest court] before reacting to an interpretation [by an intermediate state court] or by the United States District Court"). In any event, recent, unsuccessful efforts to amend the bribery statute cannot reveal what the Legislature intended when it passed the law.

IV.

We turn next to defendant's argument that the rule of lenity should apply.

Courts must strictly construe criminal statutes. State v. Shelley, 205 N.J. 320, 328 (2011). Under the rule of lenity, ambiguities that "cannot be resolved by analysis of the relevant text and the use of extrinsic aids, . . . [must] be resolved in favor of the defendant." State v. Regis, 208 N.J. 439, 451 (2011). The rule should be applied only if "the statute still remains ambiguous" "after reviewing all sources of legislative intent." State v. D.A., 191 N.J. 158, 165 (2007) (quoting 3 Sutherland, § 59.3).

The United States District Court's ruling in <u>Manzo</u> is not a basis to invoke the rule of lenity. The rule does not apply "simply because there are competing judicial interpretations of the statutory language, in New Jersey or elsewhere." <u>Regis</u>, 208 N.J. at 452. Moreover, on questions that involve state constitutional and statutory law, this Court looks to federal district court opinions for their persuasive reasoning, but their conclusions are not binding authority. <u>See</u> <u>Dewey v. R.J. Reynolds Tobacco Co.</u>, 121 N.J. 69, 79-80 (1990); <u>see also</u> <u>Pac. Emps. Ins. Co. v. Global Reins. Corp. of Am.</u>, 693 F.3d 417, 433 (3d Cir. 2012) ("In the absence of a controlling opinion from a state's highest court on an issue of state law," federal courts "predict how that court would decide the issue.").

Because we find the language of the bribery statute applies to candidates for office and is not ambiguous, even without resort to other relevant sources, the rule of lenity does not apply.

V.

Finally, we briefly address two related constitutional arguments. Defendant contends that, if the bribery statute is read to encompass unelected candidates, the law would violate his due process rights and the prohibition against ex post facto laws. We do not agree.

24

An act of the Legislature is entitled to "a strong presumption of validity" and "'will not be ruled void unless its repugnancy to the Constitution is clear beyond a reasonable doubt.'" State v. Smith, 251 N.J. 244, 263 (2022) (quoting State v. Lenihan, 219 N.J. 251, 266 (2014)). But a statute that "is so vague that persons 'of common intelligence must necessarily guess at its meaning'" violates due process and is void. Lenihan, 219 N.J. at 267 (quoting Hamilton Amusement Ctr. v. Verniero, 156 N.J. 254, 279-80 (1998)).

The Due Process Clause of the Fourteenth Amendment to the Federal Constitution guarantees that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Article I, Paragraph 1 of the State Constitution embraces the same guarantee. State v. Njango, 247 N.J. 533, 548 (2021); see also Jamgochian v. State Parole Bd., 196 N.J. 222, 239 (2008).

Embedded in that fundamental requirement is a basic principle: people are entitled to know in advance whether their conduct is lawful or criminal. United States v. Lanier, 520 U.S. 259, 266-67 (1997); State v. Pomianek, 221 N.J. 66, 85 (2015). Vague laws not only deprive individuals of adequate notice, but they may also result in "arbitrary and erratic enforcement." Town Tobacconist v. Kimmelman, 94 N.J. 85, 118 (1983).

25

On the other hand, due process is satisfied when "ordinary people can understand what conduct is prohibited," and when the offense is defined "in a manner that does not encourage arbitrary and discriminatory enforcement." McDonnell v. United States, 579 U.S. 550, 576 (2016) (quoting Skilling v. United States, 561 U.S. 358, 402-03 (2010)); see also Lenihan, 219 N.J. at 268 (rejecting a vagueness claim because "[a] person 'of common intelligence' should understand that" the conduct fell "within the statute's scope" (quoting Hamilton Amusement Ctr., 156 N.J. at 279-80)).

For the reasons outlined above, we find that the bribery statute provides sufficient notice that no person -- candidate or incumbent -- may accept unauthorized benefits "as consideration for the performance of official duties." See N.J.S.A. 2C:27-2(d). The law plainly states it is no defense that someone in defendant's position was not yet qualified to act. N.J.S.A. 2C:27-2. And ordinary people can understand that New Jersey's bribery statute does not allow them to accept a bag of cash in exchange for promising a future appointment to a city post.

The Federal and State Constitutions also forbid the enactment of ex post facto laws. See U.S. Const. art. I, § 10, cl. 1; N.J. Const. art. IV, § 7, ¶ 3. Ex post facto laws have two components: they "apply to events occurring before [their] enactment"; and they "disadvantage the offender affected by" the law.

26

State v. Bailey, 251 N.J. 101, 122 (2022) (quoting State v. Hester, 233 N.J. 381, 392 (2018)); see also Bouie v. Columbia, 378 U.S. 347, 354 (1964) ("An ex post facto law . . . 'makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action.'" (quoting Calder v. Bull, 3 U.S. (3 Dall.) 386, 390 (1798))). The restriction against such laws ensures that individuals have "fair warning of" the effect of a statute and can "rely on [its] meaning until" it is "explicitly changed." Bailey, 251 N.J. at 122 (quoting Weaver v. Graham, 450 U.S. 24, 28-29 (1981)).

Court rulings, like legislative enactments, can violate the ban on ex post facto laws. Bouie, 378 U.S. at 354. A violation occurs when "a judicial construction of a criminal statute is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.'" Ibid. (citation omitted). "[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law . . . ." Id. at 353.

The construction of the bribery statute outlined above is not unexpected or indefensible; it flows from the plain language of the statute and is consistent with prior decisions by the Appellate Division and commentary to the Model

27

Penal Code. For the same reasons, the Court's interpretation of the statute does not represent an expansion of the law's reach.

Applying the bribery statute to defendant therefore does not violate his due process rights or the bar on ex post facto laws.

## VI.

For the reasons outlined above, we affirm the judgment of the Appellate Division. We reinstate defendant's indictment and remand the case to the trial court for further proceedings.

JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, and FASCIALE and JUDGE SABATINO (temporarily assigned) join in CHIEF JUSTICE RABNER's opinion.